741 So.2d 139 (1999)
Walter Ray BOGGS, et al., Plaintiffs-Appellants,
v.
Jody Edward VOSS, et al., Defendant-Appellee.
No. 31,965-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*140 Boggs & Thompson by Jeff R. Thompson, Bossier City, Counsel for Appellants.
Barham & Warner, L.L.C. by Richard G. Barham, Shreveport, Counsel for Appellee.
Before STEWART, GASKINS, KOSTELKA, JJ.
KOSTELKA, J.
In this personal injury action, Walter and Jacquelyn Renee Boggs ("Plaintiffs"), individually and as natural tutors of their three minor children, appeal the jury allocation of fault, causation as to injuries, and damages. We affirm.

FACTS
At approximately 7:30 a.m. on September 25, 1996, Jacquelyn Boggs ("Boggs"), accompanied by her three minor children, Hunter, Christopher, and Lindsey, accelerated her 1989 Suburban in an attempt to merge onto I-20 West from the Airline Drive entrance ramp in Bossier City, Louisiana. Unable to successfully make that entrance, however, Boggs had slowed or stopped her vehicle when she was rearended by a pickup truck driven by Jody Voss ("Voss"), an Arkla Energy Resources[1] employee in the course and scope of his employment. Although Boggs transported her three children to an emergency room for observation, only the two boys who rode in the back seat were examined and released. While Boggs suffered no immediate injuries, she later claimed to have experienced head, back, hip, and leg injuries and left temporomandibular joint dislocation ("TMJ") as a result of the accident.
Accordingly, plaintiffs filed suit against Voss, Arkla Energy Resources, a Division of NorAm Energy Corporation ("NorAm"), and Fidelity and Casualty Company of New York[2] ("Fidelity"), alleging Voss's sole fault in causing the accident and praying for damages.
A jury assessed Boggs with 25% fault and NorAm, through Voss, with 75% fault and awarded Boggs $5,000.00 past medical expenses; $1,000.00 past loss of earnings; $10,000.00 past and future physical pain and suffering relating to the back, hip, and leg injuries only; $10,000.00 past and future mental pain and suffering; and, $1,500.00 loss of enjoyment of life. The jury denied future medical expenses and loss of earnings and any physical pain and suffering related to the TMJ. Christopher and Hunter Boggs were awarded $55.00 *141 each for past medical expenses and all three children were awarded $1,000.00 in consortium damages. Walter Boggs was awarded $2,500.00 for loss of consortium. A written judgment signed by the trial court on June 18, 1998 reflected this verdict with the fault percentage deductions and dismissed, with prejudice, plaintiffs' claims against Voss and Fidelity.
Following trial, plaintiffs filed a motion for judgment notwithstanding the verdict ("JNOV"), or in the alternative a motion for new trial, and a rule for additur claiming that the verdict was contrary to the law and evidence in its evaluation of fault, its determination that no causal relationship existed between the accident and Boggs's TMJ, and its assessment of damages. When these alternative motions were denied by written judgment on August 14, 1998, this appeal ensued.

DISCUSSION
On appeal, plaintiffs argue that the jury erred in its allocation of 25% fault to Boggs; in awarding special damages to both the minor children (emergency room treatment) and Boggs (relating to the TMJ) without an award of general damages; in failing to find a causal relationship between the accident and the TMJ; and, in awarding inadequate special damages to Boggs for the TMJ. Plaintiffs also contend that the trial court erred in failing to grant a JNOV.

Fault
An allocation of fault is a factual determination subject to the manifest error rule. Theriot v. Lasseigne, 93-2661 (La.07/05/94), 640 So.2d 1305; Ramirez v. Ware, 28,879 (La.App.2d Cir.09/25/96), 680 So.2d 1302. A court of appeal may not set aside a jury's findings of fact in the absence of clear or manifest error. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
La. R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway. A following motorist in a rear-end collision is presumed to have breached this duty and is therefore presumed negligent. Mart v. Hill, 505 So.2d 1120 (La.1987); Ramirez, supra. A following motorist may, however, rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. Chambers v. Graybiel, 25,840 (La.App.2d Cir.06/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard which he could not reasonably avoid. Royal v. Cottles, 97-1348 (La.App. 4th Cir.01/07/98), 705 So.2d 1260; Leblanc v. St. Landry Parish Police Jury, 94-501 (La.App. 3d Cir.12/07/94), 647 So.2d 614.
Based upon these jurisprudential precepts, we find no manifest error in the jury allocation of 25% fault to Boggs. Both Boggs and Voss testified that on the morning of the accident, traffic flow was "pretty heavy" or "fairly heavy" on both I-20 and the Airline entrance ramp. As Voss first observed Boggs, she accelerated up the entrance ramp and appeared to be entering into an opening in the traffic. Boggs admitted to increasing her speed as she attempted to merge into traffic and also that, at one point, she thought there might be an opening in the traffic but changed her mind "pretty much close to the end of the ramp" when she didn't "feel like [she] could get into traffic." Because Boggs appeared to be entering traffic, Voss began to determine whether or not he could enter the freeway, only then taking his eyes off of the Boggs vehicle to look back over his shoulder for his entry opportunity. As he accelerated to gain access to I-20, Boggs had either appreciably slowed or stopped her vehicle as she second-guessed her own entry. From these facts, a reasonable factfinder could have found that, although Voss was at fault *142 in being inattentive to the lead vehicle, he could not be solely responsible because of Boggs's sudden, substantial, and last minute decrease in speed or stop which presented a hazard that could not reasonably be avoided under the circumstances. Accordingly, we perceive no manifest error in the jury's division of fault or in the trial court's denial of a JNOV relating to this issue.

General Damages for Christopher and Hunter
Plaintiffs next contend that the jury committed legal error in awarding special damages to the minor boys for their emergency room treatment without also awarding general damages relating to those claims. We disagree.
The jury award for the boys' medical expenses was limited to reimbursement only for emergency room diagnostic expenses, precipitated by the accident and conducted merely to determine the extent, if any, of the children's injuries. Although ultimately shown to have been only a precautionary measure, without a showing of bad faith, the tort-feasor is still responsible for such overtreatment. Chambers, supra; Sumrall v. Sumrall, 612 So.2d 1010 (La. App. 2d Cir.1993). Moreover, because the award was limited to diagnostic expenses only, which ultimately revealed no injuries resulting from the accident, the general rule that a jury commits legal error in awarding special damages for medical expenses, but denying general damages, is inapplicable to this case. Accordingly, we cannot find error in the denial of general damages to the minors and in the trial court denial of JNOV on this issue.

Boggs's TMJ
Regarding her claim for TMJ damages, Boggs claims that the jury erred in awarding past special damages for her TMJ without also awarding future medical expenses and general damages for past and future pain and suffering[3] and in failing to find a causal relationship between the accident and the TMJ.
The record shows that the jury indeed awarded past medical damages in the amount of $1,690.00 for an MRI and a doctor visit specifically relating to the TMJ. Nevertheless, the jury denied future medical expenses and past and future physical pain and suffering for this claim. Implicit in the jury's rejection of these past and future general damages and future medical expenses is a denial of Boggs's claim that the accident caused her TMJ.
In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the accident and any alleged injuries. American Motorist Ins. Co. v. American Rent-All, Inc., 579 So.2d 429 (La.1991), reh'g granted on other grounds, 617 So.2d 944 (La.App. 5th Cir.1993); Chambers, supra. Whether the accident caused the plaintiff's injuries is a factual question which should not be reversed on appeal absent manifest error. Id.
Boggs admitted that she had experienced some "popping" of her jaw and grinding of her teeth prior to the accident. She further admitted that the impact of the vehicle did not throw her into the steering wheel or the dash of the Suburban and that she did not remember "hitting [her] head or anything" upon impact. She never specifically testified when the popping and pain began and it was not until January 1997, over three months post-accident, that she first sought medical treatment for the condition. On cross-examination *143 Boggs admitted to being in a stressful period for a time after the accident when the family moved from their home into an apartment before finally moving to a yet unfinished home in March 1997.
Plaintiffs' expert in oral and maxillofacial surgery, Dr. Frank Harmon, recommended surgery for Boggs's TMJ. He explained that TMJ occurs when the disc in the temporomandibular joint is anteriorly displaced by some sort of trauma which can be both asymptomatic or symptomatic. Certain things such as stress or grinding of teeth can cause an otherwise asymptomatic dislocated joint to become painful to the point of requiring surgery. He felt that Boggs had reached that point.
Regarding causation, the physician testified that while an impact such as the collision in this case can cause TMJ, he also admitted that any kind of trauma can cause it and many times individuals who have no knowledge of prior trauma wake up one day with symptomatic TMJ. Although indicating that based upon the history Boggs gave him he felt that more probably than not the accident caused the TMJ, he also admitted that ultimately he "had no idea whether her disc was anteriorly displaced prior to this accident" and that he was not in a position to say whether or not her anteriorly displaced disc was caused by the accident.
Certainly considering the tentative evidence relating to the origin of TMJ, the somewhat inconclusive medical testimony regarding its causation, Boggs's own testimony regarding the lack of impact by her head with any part of the vehicle, independent stress sources, and the manifestation of the condition over three months after the impact, the jury could have reasonably concluded that the accident did not cause the TMJ. Moreover, after weighing and evaluating the medical and lay testimony, the jury may accept or reject any expert's view. Wood v. Toys "R" Us, Inc., 28,667 (La.App.2d Cir.09/25/96), 681 So.2d 49; Phiratsamy v. Pipes, 27,209 (La.App.2d Cir.08/23/95), 660 So.2d 172. On this record, we find no manifest error in this conclusion or in the denial of future medical expenses or damages for pain and suffering related to the condition.
Regarding the jury award of past medical expenses and denial of general damages, as in the case of the minor children, the jury awarded only diagnostic costs relating to the TMJ. Considering the nature of these expenses, and in accordance with our earlier discussion, we find no error in the jury's rejection of general damages relating to Boggs's TMJ. We accordingly affirm the jury rejection of these damages and the trial court's denial of a JNOV on these issues.

CONCLUSION
For the reasons expressed, the judgment is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Arkla Energy Resources, a division of NorAm Energy Corporation, owned the 1994 Chevrolet Cheyenne pickup truck driven by Voss.
[2] Incorrectly referred to as NorAm Gas Transmission Company and CNA Insurance Companies by plaintiffs in their original petition. Because NorAm is self-insured, Fidelity provides NorAm's excess insurance coverage.
[3] Because plaintiffs couch their argument in terms of the jury's omission of damages for "personal injury, pain and suffering ..." we address only the denial of the general damages for physical pain and suffering for TMJ and not the lump sum past and future mental pain and suffering award which presumably granted all items of damage as determined by the jury. Taylor v. Dupree, 484 So.2d 986 (La.App. 3d Cir.1986), writ denied, 488 So.2d 201 (La.1986); Prince v. Mattalino, 583 So.2d 541 (La.App. 3d Cir.1991).