750 So.2d 388 (2000)
Betty J. CURRIE, Plaintiff-Appellant,
v.
Kathleen MYERS, et al., Defendants-Appellees.
No. 32,633-CA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2000.
*390 James M. Johnson, Minden, Counsel for Appellant.
Klotz, Simmons & Reeks By Harry D. Simmons, Shreveport, Counsel for Appellees Kathleen Myers and United Services Automobile Association.
Pettiette, Armand, Dunkelman, Woodley & Byrd By Joseph S. Woodley, Shreveport, Counsel for Appellee Economy Fire and Casualty Insurance Company.
Roos & Frazier, By John M. Frazier, Shreveport, Counsel for Intervenor-Appellee Affiliated Home Health Care of Shreveport, Inc.
Before BROWN, KOSTELKA, DREW, JJ.
KOSTELKA, J.
In this suit arising out of an alleged automobile accident, plaintiff appeals the jury's rejection of her claims against several defendants. Finding no manifest error, we affirm.

FACTS AND PROCEDURAL HISTORY
On the afternoon of June 16, 1995, Betty Currie ("Currie") stopped her automobile, in obedience of a traffic signal, on Linwood Avenue near its intersection with West Seventieth Street in Shreveport, Louisiana. Currie testified that while waiting for the light to turn green, she could see a brown Cadillac, driven by Kathleen Myers ("Myers"), approaching her from the rear. Fearing that the larger car would not be able to stop in time, Currie braced herself for the possibility of a collision. According to Currie and her guest passenger, Shawn Cupples ("Cupples"), Myers struck the rear of Currie's car five or six times as Myers attempted to back up and adjust the angle of her car to go around Currie. Cupples described the first impact as mild and the subsequent contacts between the cars as even less forceful. The police officer who investigated the scene testified that Currie's car had a scuff mark on the left side of the rear bumperperhaps indicative of a glancing blow as the Cadillac changed lanes.
Believing she had not struck Currie's vehicle and becoming fearful as Currie stood before Myers's car and hurled accusations at her, Myers fled the accident scene. Thereafter, and upon the departure of the investigating police officer, Currie proceeded to the emergency room of a local hospital. The examining physician noted that Currie had suffered no visible bruises, cuts, lacerations, or abrasions in the reported motor vehicle accident. Nevertheless, Currie filed suit seeking damages for what she contends to be the significant aggravation of preexisting conditions necessitating surgeries for cervical fusion and bilateral carpal tunnel releases. *391 Currie named as defendants Myers, her insurer (United Services Automobile Association), and Currie's own underinsured motorist carrier (Economy Fire and Casualty).[1]
At the conclusion of trial, plaintiff moved for a directed verdict which the trial court denied, noting that a directed verdict would be improper in that there were credibility issues to be resolved. After deliberation, a unanimous jury concluded that Myers's negligence did not cause damage to Currie. Currie moved for a judgment notwithstanding the verdict. The trial court denied this motion as well, noting again that the jury made a credibility call and that a reasonable jury could have reached this conclusion regarding liability. Plaintiff appealed.

DISCUSSION

Exclusion of Police Officer Testimony
Initially, we examine Currie's complaint that the trial court erred in excluding testimony from the investigating police officer regarding statements made by various witnesses at the accident scene. When plaintiffs counsel asked the officer how many witnesses indicated that they had seen Myers strike the Currie automobile, defendants objected. After a bench conference was held off the record, plaintiff neglected to make a record objection to the trial court's ruling excluding the evidence.[2]
To preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the ruling and state the reasons for the objection. Brister v. Continental Insurance Company, 30,429 (La. App.2d Cir.04/08/98), 712 So.2d 177; Stephens v. Town of Jonesboro, 25,715 (La. App.2d Cir.08/19/94), 642 So.2d 274, writs denied, 94-2351, 94-2557, 94-2577 (La.11/29/94), 646 So.2d 400. We further note that, although a one-paragraph argument appears in her brief, Currie did not assign this issue as an error. Per URCA Rule 1-3, appellate courts review only issues which are contained in the party's specifications of errors. Moreover, at oral argument, plaintiff's counsel noted that the exclusion of this testimony did not significantly prejudice its case.
Even so, it is clear from the record, that the statements purportedly made by these observers would not fall under the excited utterance exception to the hearsay rule. La. C.E. art. 803(2). Nor could we say these narrations of past events would constitute res gestae. Cf. State v. Lanham, 31,791 (La.App.2d Cir.03/31/99), 731 So.2d 936.

Liability of Myers
The jury was presented with a singular question on the issue of Myers's liability: "Do you find that the negligence of Kathleen Myers caused damage to Betty Currie?" The jury answered in the negative. As noted by the trial court, it is unclear if the jury determined that Myers simply did not strike Currie's car or if the jury concluded that the minor collision(s) did not cause or contribute to Currie's health condition. Under either scenario, we could not say that the fact-finder committed manifest error.
A jury's factual findings, including those on the issue of causation, cannot be disturbed on appeal unless they are manifestly erroneous. Shaw v. Russell, 26,618 (La.App.2d Cir.03/01/95), 652 So.2d 133. The task of a reviewing court is not to assess whether the district court's factual findings are right or wrong in an absolute sense, but to ask whether the factfinder's resolution of the conflicting evidence was reasonable, in light of the record as a whole. Mistich v. Volkswagen of *392 Germany, Inc., 95-0939 (La.01/29/96), 666 So.2d 1073. When testimony on an issue conflicts, reasonable evaluations of credibility and inferences of fact should not be disturbed, even if the appellate court concludes that its own factual evaluations and inferences are as reasonable as those made by the trial court. Nwokolo v. Torrey, 31,412 (La.App.2d Cir.01/20/99), 726 So.2d 1055. Indeed, factual findings must be given great discretion because the fact-trier has the superior capacity to assess the credibility of witnesses; only the finder of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Id.
Although certain details of their testimony were not identical, Currie, Cupples, and an independent witness, Brenda Sykes, all testified that Myers struck plaintiff's automobile more than once. Yet, Myers consistently and adamantly maintained that there were no such collisions. Additionally, there was no damage to the most forward portion of Myers's automobile. Under these circumstances, it is possible for a reasonable fact-finder to believe Myers's account of the incident.
More likely, however, the jury determined that Currie failed to carry her burden of proving that these minor collisions caused her serious physical ailments. A reasonable trier of fact could have concluded that Currie's complaints all stemmed from only her long-term neck and carpal tunnel problems.[3]
Of course, La. R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle as well as the traffic upon and condition of the highway. A following motorist in a rear-end collision is presumed to have breached this duty and is therefore presumed negligent. Boggs v. Voss, 31,965 (La.App.2d Cir.06/16/99), 741 So.2d 139. Nevertheless, in a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the accident and any alleged injuries. Id.
We are mindful of this court's historical avoidance of attempting to measure an injury in direct proportion to the force of the collision in those instances where there is medical and lay testimony establishing that the plaintiff sustained injuries. See, e.g., Starnes v. Caddo Parish School Board, 598 So.2d 472 (La.App. 2d Cir. 1992); Simpson v. Caddo Parish School Board, 540 So.2d 997 (La.App. 2d Cir. 1989); Boykin v. Washington, 401 So.2d 488 (La.App. 2d Cir.1981); Seegers v. State Farm, 188 So.2d 166 (La.App. 2d Cir. 1966). This jurisprudence, however, does support consideration of force-of-impact testimony as a relevant factor in determining causation or extent of injuries, although not as the sole or determinative element. Harper v. Garcia, 32,142 (La. App.2d Cir.08/18/99), 739 So.2d 996.
The evidence is clear that the impacts between these two vehicles (assuming they did occur) were very slight. As previously noted, Cupples described the first impact as minoron a scale of one to ten, she rated it a threeand the subsequent impacts were even less significanteach a two on the same scale. In fact, Cupples admitted that she sustained no injuries in the accident. Both the police officer and an appraiser noted only a small scratch or scuff on the left side of Currie's rear bumper. There was no damage to the Cadillac driven by Myers. Clearly, Currie was not the victim of severe collisions directly impacting the rear of her automobile.
Soon after the accident, Currie visited the emergency room at Doctor's Hospital. *393 The examining physician noted that Currie had suffered no visible bruises, cuts, lacerations, or abrasions in the reported motor vehicle accident. Eleven days after the accident, Currie saw Dr. Edwin C. Simonton, an orthopedic surgeon. Although this physician saw no evidence of a herniated disc in the patient's cervical region, he did note some narrowing and spurring at the sixth cervical interspace which would have had its origin before the date of the instant accident. Currie's symptoms were such at that time that Dr. Simonton expressed surprise to learn that this patient eventually required cervical surgery.
Dr. Warren Long, a neurosurgeon who saw Currie briefly beginning in October 1995, could only assume that the patient's symptoms were caused by the severe accident described to him; plaintiff had given him no history of prior or subsequent injuries. Finally, Dr. David Cavanaugh, the neurosurgeon who performed Currie's microsurgical diskectomy at the C5-6 and C6-7 levels, stated that it would be hard for him to determine the duration of the ruptured disks he found.
Regarding Currie's carpal tunnel syndrome, a physician suggested surgery as a relief for her pain in 1994. Yet, her pain had not progressed to the point she desired surgical intervention at that time. Later, after the instant accident, Dr. William F. Webb, an orthopedic surgeon, performed bilateral carpal tunnel releases on Currie. In a deposition offered as evidence, the doctor testified that the severe collision described by his patient led him to the conclusion that the incident aggravated her pre-existing condition. However, he opined, if the impact was so slight that it did not even damage Currie's car, he would have to conclude that there probably was not any relation between the accident and the subsequent need for carpal tunnel surgery.
Presented with these facts, we cannot say that the jury was clearly wrong in its interpretation of the evidence.
On appeal, Currie also asks us to revisit the trial court's denial of her motions for directed verdict and for judgment notwithstanding the verdict (JNOV). A directed verdict is proper when, after considering all evidence presented in the light most favorable to the moving party's opponent, the facts and inferences are so overwhelmingly in favor of a verdict for the movant that the court believes reasonable men could not arrive at a contrary conclusion. Steed v. St. Paul's United Methodist Church, 31,521-31,522 (La. App.2d Cir.02/24/99), 728 So.2d 931, writ denied, 99-0877 (La.05/07/99), 740 So.2d 1290. Likewise, the JNOV questions whether the jury verdict, as a matter of law, is supported by any legitimate or substantial evidence. To find that the evidence was insufficient as a matter of law requires that there be no valid line of reasoning or permissible inferences which could lead rational men to the conclusion reached by the jury. Holt v. Cannon Express Corp., 31,271 (La.App.2d Cir.12/11/98), 722 So.2d 433, writ denied, 99-0104 (La.04/23/99), 742 So.2d 881. Finding a rational basis for the jury verdict, it is clear that the trial court did not err in denying these motions.

CONCLUSION
Having concluded that the jury could have correctly found Myers not to be liable for Currie's injuries, we do not reach the issues of damages as assigned by Currie. For the foregoing reasons, we affirm the judgment below at plaintiff's costs.
AFFIRMED.
NOTES
[1] Currie's employer, Affiliated Home Health Care of Shreveport, filed an intervention in this suit to recover funds paid to Currie from a workers' compensation claim arising from this same accident.
[2] Nevertheless, the evidence contains a proffer of the two police reports which were composed as a result of this accident.
[3] Medical evidence revealed that Currie had suffered with neck problems for years prior to this accident. Further, she had sustained similar injuries in a 1994 work accident. As to her carpal tunnel syndrome, as noted infra, a doctor recommended surgery for that problem in 1994.