814 So.2d 119 (2002)
Johnny Dwayne ETHEREDGE and Cynthia Taylor Etheredge, Plaintiff-Appellant,
v.
ST. PAUL MERCURY INSURANCE COMPANY, Larry Ewing and Newt Brown Contractor, Inc., Defendant-Appellee.
No. 35,832-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
*121 Thomas Norman Thompson, Shreveport, Counsel for Plaintiff-Appellant.
Joseph Samuel Woodley, Shreveport, Counsel for Defendant-Appellee.
Before NORRIS, C.J., and GASKINS and KOSTELKA, JJ.
NORRIS, Chief Judge.
The plaintiff's, Johnny and Cynthia Etheredge, appeal a City Court judgment on grounds that the special damages for chiropractic care are inadequate and that the court failed to award damages for loss of consortium. For the reasons expressed, we amend and affirm.

Factual background
Johnny Etheredge ("Johnny") was driving a 1995 Dodge Dakota pickup north on Market Street in Shreveport in the left center lane; simultaneously, Larry Ewing, an employee of Newt Brown Contractors, exited the eastbound interstate in a company dump truck, and entered the far left lane of Market Street. According to Johnny, the dump truck "clipped" the pickup's left rear bumper. Each driver accused the other of swerving into his lane. The police report found that the dump truck had crossed into the pickup's lane, a finding accepted by the City Court and not contested on appeal.
The accident occurred July 27, 1999. Johnny testified that he had no pain initially, but three or four days later he felt a tightening in his lower back. Eventually this pain was bad enough to disturb his sleep and make his work difficult as a general laborer for B & J Floor Covering; because he had no insurance, however, he continued working and never missed a day on the job. Johnny also testified, and Cindy corroborated, that his back pain affected their recreational activities and temporarily curtailed their marital relations.
On August 18, complaining that his pain was a "10," Johnny went to Dr. Louie Ballis, a chiropractor in Bossier City. Dr. Ballis found tenderness and spasms in Johnny's lower, middle and upper back, and an abnormal gait; he diagnosed a decreased L5/S1 disc and lumbar pain syndrome. He advised Johnny to avoid physical activity that would aggravate his pain. He also administered an array of chiropractic treatments, a total of 44 times through the end of the year. He noted gradual improvement, and in late December he advised Johnny to resume normal activities. Nevertheless Johnny returned for 18 more treatments through April 2000, by which time all tests were negative and, according to Johnny, he was almost back to his pre-injury condition. Dr. Ballis's bills totaled $7,950.00.
Johnny and Cynthia filed this suit in Bossier City Court in July 2000 against Ewing, Newt Brown Contractors and their insurer, St. Paul. They prayed for medical expenses, general damages, loss of income and loss of consortium. Trial was held in July 2001. As noted, the City Court accepted Johnny's account of the accident and assigned all fault to the defendants; this is not appealed. Because Johnny missed no work, the plaintiff's did not pursue the claim for lost income.
At trial, the court asked Dr. Ballis whether Johnny's decision to keep working affected his recovery. The doctor replied that it did, and as a result the treatment "took a little longer than one might expect in order to get over this." In an oral ruling, the court concluded that by continuing to work, Johnny failed to mitigate his damages, with the result that "this injury was carried out at least twice as long as it would have been." The court then reduced the chiropractor's bill by two-thirds, awarding $2,650.00. The *122 court fixed general damages at $3,500.00 and Dr. Ballis's expert fee at $200.00; these are not contested on appeal. The court made no mention of the consortium claim; plaintiffs' counsel did not object. Judgment was rendered in accordance with the oral ruling. The plaintiff's have appealed.

Discussion: Special damages
By their first three assignments of error, the plaintiff's contest the award of special damages as inadequate. First they urge that the City Court was plainly wrong in finding that Johnny failed to mitigate his damages by continuing to work while undergoing chiropractic treatment. They contend that Johnny's conduct was reasonable because it mitigated his economic losses; they submit that plaintiff's are normally penalized for refusing to return to work after an accident. Coffin v. Board of Supervisors, 620 So.2d 1354 (La.App. 2 Cir.1993). In the alternative, they argue that even if some reduction was warranted, it should not have been two-thirds of Dr. Ballis's bill; at most the reduction should have been one-half, in accord with the City Court's oral reasons for judgment.
The defendants urge that the City Court was entitled to find, on this record, both that Johnny's conduct after the accident was unreasonable and that it aggravated his harm, as was found in Hunt v. Long, 33,395 (La.App. 2 Cir. 6/21/00), 763 So.2d 811.
A person injured through the fault of another is entitled to full indemnification for the damages caused thereby. La. C.C. art. 2315; State Farm Mut. Auto. Ins. Co. v. Berthelot, 98-1011 (La.4/13/99), 732 So.2d 1230; Faulk v. Cagle Supply Inc., 412 So.2d 1020 (La.1982). Special damages are those which must either be pled or have a "ready market value," i.e., the amount of the damages can be determined with relative certainty, such as the plaintiff's medical expenses. Wainwright v. Fontenot, 00-0492 (La.10/19/00), 774 So.2d 70. The tortfeasor is required to indemnify the cost of overtreatment or unnecessary medical treatment unless the overtreatment was incurred in bad faith. Bass v. Allstate Ins. Co., 32,652 (La.App. 2 Cir. 1/26/00), 750 So.2d 460; Boggs v. Voss, 31,965 (La.App. 2 Cir. 6/16/99), 741 So.2d 139.
On the instant record it is undisputed that the defendants' conduct injured Johnny's back and that as a result Johnny incurred chiropractic expenses for treatment. It is also undisputed that the cost of treatment was $7,950.00. Although Dr. Ballis testified that eight months of treatment is somewhat longer than normal, there is absolutely no evidence of bad faith or fraud-either on Johnny's part in pursuing this therapy, or on Dr. Ballis's part in providing it. In the absence of such a showing, the City Court's judgment awarding less than the proven amount of special damages is plainly wrong. Faulk v. Cagle Supply Inc., supra.
The defendants urge that the City Court was entitled to find that Johnny failed to mitigate his damages by continuing to work, despite Dr. Ballis's advice to avoid activity that aggravated his back. An injured plaintiff has the duty to take reasonable steps to mitigate his damages. Aisole v. Dean, 574 So.2d 1248 (La.1991). However, the burden rests on the tortfeasor to show that the injured plaintiff failed to mitigate damages. The defendant must show (1) that the plaintiff's conduct after the injury was unreasonable and (2) that the unreasonable conduct had the consequence of aggravating the harm. Hunt v. Long, supra.
Johnny testified without contradiction that because he lacked insurance, he could *123 not afford to be off work. The defendants argue that Johnny introduced no evidence of his wages and benefits, thus supporting the finding of failure to mitigate; however, the burden was on the defendants to prove that his conduct was unreasonable. Hunt v. Long, supra. The defendants offered no evidence to meet this burden. The finding of failure to mitigate is therefore plainly wrong. The judgment will be amended to award the full amount of documented chiropractic bills, $7,950.00.
Because of this determination, we decline to address the parties' arguments about how much of a reduction was appropriate.

Loss of consortium
By their fourth assignment the plaintiff's urge the City Court erred in failing to address Cynthia's claim for loss of consortium. In support they cite their testimony that for some time after the accident, they could not have marital relations and had to curtail recreational pursuits such as dart-throwing and camping. They urge that this evidence meets the criteria for loss of consortium. Maranto v. Goodyear Tire & Rubber Co., 25,114 (La.App. 2 Cir. 5/10/95), 661 So.2d 503.
The fact finder has much discretion in the assessment of general damages, including damages for loss of consortium. La. C.C. art. 2324.1; Bell v. USAA Cas. Ins. Co., 30,172 (La.App. 2 Cir. 1/21/98), 707 So.2d 102, writs denied 98-0712, 98-0766 (La.5/8/99), 718 So.2d 433, 434. In general, loss of consortium has seven elements: (1) loss of love and affection, (2) loss of society and companionship, (3) impairment of sexual relations, (4) loss of performance of material services, (5) loss of financial support, (6) loss of aid and assistance, and (7) loss of fidelity. Id.; Maranto v. Goodyear Tire & Rubber, supra. However, not every physical injury will result in a loss of consortium or other general damages. Bell v. USAA Cas. Ins. Co., supra; O'Neal v. Scott, 34,276 (La. App. 2 Cir. 12/20/00), 775 So.2d 1155. The operative question is whether the City Court abused its great discretion in finding that the plaintiff failed to prove compensable general damages. Wainwright v. Fontenot, supra.
The plaintiff's both testified that after the accident, their marital relations were temporarily curtailed and their recreational activities impaired. However, there was no showing of loss of affection, society or companionship, financial support or fidelity. On this record, we cannot say the City Court abused its vast discretion in implicitly rejecting the claim for loss of consortium. Although comparison to other cases is not persuasive, we note that Johnny's physical injuries were not as severe as those sustained by the plaintiff's in Bell and O'Neal, yet those plaintiff's also sustained no compensable loss of consortium. This assignment of error lacks merit.

Conclusion
For the reasons expressed, the judgment is amended to award the plaintiff's the full sum of Seven thousand, nine hundred fifty and 00/100 ($7,950.00) dollars as special damages, representing the cost of medical treatment rendered to Johnny Wayne Etheredge, with legal interest thereon from date of judicial demand until paid. In all other respects the judgment is affirmed. Costs are assessed to the defendants, St. Paul Mercury Insurance Company, Larry Ewing and Newt Brown Contractors Inc.
AMENDED AND AFFIRMED.