NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-445

ERIC FONTENOT

VERSUS

PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
PINEVILLE CITY COURT, WARDS 9, 10 AND 11,
PARISH OF RAPIDES, NO. 6-0210
HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges.

**REVERSED AND RENDERED.**

Ian A. McDonald
Perret Doise
P.O. Drawer 3408
Lafayette, LA 70502-3408
Counsel for Defendants-Appellants:
    Angelique Wilson and Progressive Security Insurance Company

Howard N. Nugent, Attorney at Law
P.O. Box 1309
Alexandria, LA 71301-1309
Counsel for Plaintiff-Appellee:
    Eric Fontenot

**PAINTER, Judge.**

Defendants, Angelique Wilson ("Wilson") and Progressive Security Insurance Company ("Progressive"), appeal the trial court's ruling finding Wilson fifty percent at fault and awarding damages to Plaintiff, Eric Fontenot ("Fontenot"), for injuries sustained in a motor vehicle accident. For the reasons that follow, we reverse the trial court's allocation of fault between the parties and find Wilson free from fault. We find that Russell Thill ("Thill") was 100 percent at fault in causing the subject accident. Therefore, we render judgment in favor of Wilson and Progressive, dismissing Fontenot's claims against them with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The accident at issue herein occurred on November 29, 2005. Fontenot was a passenger in the back seat of a 1993 Jeep Cherokee being driven by Wilson. Wilson was attempting to turn right on Louisiana Highway 28 East from Paper Mill Cut Off Road. This "T" intersection is controlled by a stop sign on Paper Mill Cut Off Road. Thill was driving a 2000 Dodge Ram truck behind Wilson's vehicle. As Wilson approached the intersection, she activated her right turn signal and stopped. Thill also stopped. According to Thill and another witness, Matthew Deville, Wilson did not stop at the stop sign but rolled forward closer to the outside lane of Highway 28 East. Wilson contends that after stopping, she rolled forward another two and half feet to half a car length and then stopped again to get a better view of oncoming traffic before entering the highway. She contends that she was driving less than five miles per hour. In any event, it was at this point that the Wilson vehicle was rear-ended by the Thill vehicle. Fontenot was taken to the emergency room at Rapides Regional Medical Center by ambulance following the accident.

1

Claiming injuries to his neck, low back, and left knee, Fontenot filed suit against Wilson and her insurer, Progressive, as well as Thill and his insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). Thill and State Farm settled with Fontenot prior to trial. The matter proceeded to bench trial against only Wilson and Progressive on October 20, 2006. On December 15, 2006, the trial court issued written reasons for judgment finding Wilson and Thill each to be fifty percent at fault in causing the accident. The trial court awarded a total of $7,148.18 in medical expenses and $20,000.00 in general damages to Fontenot, to be reduced by the fifty percent of fault attributable to Thill. Judgment was signed to that effect, casting Wilson and Progressive in judgment for $13,574.00. Progressive appealed, asserting that Wilson should be found free from fault, that the amount of damages was abusively high, and that it was cast in judgment in an amount in excess of its policy limits. The parties agree that Progressive's policy limit applicable to this case is $10,000.00. Plaintiff does not dispute that this court should limit Progressive's liability to $10,000.00. However, for the reasons that follow, we find that the trial court was manifestly erroneous in its allocation of fault, reverse the trial court's judgment, reallocate the fault to find Thill 100 percent at fault, and render judgment in favor of Wilson and Progressive.

## DISCUSSION

It is well settled that a trier of fact is vested with much discretion in its allocation of fault and that its allocation of fault is subject to the manifest error or clearly wrong standard of review. *Duncan v. Kansas City So. Ry. Co.*, 00-66 (La. 10/30/00), 773 So.3d 670. The factors to be considered when reviewing an allocation of fault were set forth by the Louisiana Supreme Court in *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967, 974 (La.1985):

2

(1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.

As this court has recently stated:

These factors also guide an appellate court's determination as to the highest or lowest percentage of fault that could reasonably be assessed to each party. *Clement [v. Frey, 95-1119 (La. 1/16/96)]*, 666 So.2d [607]. Thus, the *Clement* decision dictates that the allocation of fault is not an exact science, nor is it the search for a precise ratio. Rather, much like that of quantum assessment, allocation of fault is the finding of an acceptable range and any allocation by the trier of fact within that range cannot be disturbed under the manifest error standard of review. Therefore, in order for this court to disturb the trial court's allocation of fault, the defendants must show that, based on the evidence in the record, no reasonable person could have allocated the fault in the manner that the trial judge did in this case.

*Williams v. Aymond*, 05-1547, 05-148, p. 9, (La.App. 3 Cir. 12/6/06), 945 So.2d 823, 831, *writs denied*, 07-0005 (La. 3/9/07), 949 So.2d 442 and 07-0069 (La. 3/9/07), 949 So.2d 449.

Louisiana Revised Statutes 32:81(A) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." This creates a presumption that a following motorist in a rear-end collision breached the duty not to follow more closely than is reasonably prudent and is therefore negligent. *Mart v. Hill*, 505 So.2d 1120 (La.1987). The presumption can be rebutted, however, upon proof that the following motorist had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstance, or by showing that the driver of the preceding vehicle negligently

3

created a hazard which the following motorist could not reasonably avoid. *Boggs v. Voss*, 31,965 (La.App. 2 Cir. 6/16/99), 741 So.2d 139.

Guided by the above stated principles, we find that the trial court committed manifest error in allocating fifty percent of the fault to Wilson in the subject accident. The trial judge heard testimony both that Wilson stopped at the stop sign and then rolled slightly forward to get a better view of oncoming traffic and that Wilson did not stop at the stop sign but stopped somewhere past it, closer to the outside lane of the highway. It is undisputed, however, that Wilson was stopped at the intersection. Wilson denied having stopped suddenly. Thill testified that he saw Wilson accelerate and thought she was turning and did not pay "anymore attention to her." He looked to his left, determined that traffic had cleared for his entrance to the highway, pulled forward, and struck the Wilson vehicle.

Plaintiff cites *Boggs*, 741 So.2d at 141-142, wherein our colleagues in the second circuit stated:

> As Voss first observed Boggs, she accelerated up the entrance ramp and appeared to be entering into an opening in the traffic. Boggs admitted to increasing her speed as she attempted to merge into traffic and also that, at one point, she thought there might be an opening in the traffic but changed her mind "pretty much close to the end of the ramp" when she didn't "feel like [she] could get into traffic." Because Boggs appeared to be entering traffic, Voss began to determine whether or not he could enter the freeway, only then taking his eyes off of the Boggs vehicle to look back over his shoulder for his entry opportunity. As he accelerated to gain access to I-20, Boggs had either appreciably slowed or stopped her vehicle as she second-guessed her own entry. From these facts, a reasonable factfinder could have found that, although Voss was at fault in being inattentive to the lead vehicle, he could not be solely responsible because of Boggs's sudden, substantial, and last minute decrease in speed or stop which presented a hazard that could not reasonably be avoided under the circumstances.

However, we find the present case to be distinguishable from *Boggs* in that there was no "sudden, substantial, [or] last minute decrease in speed" by Wilson that "presented a hazard that could not be reasonably avoided under the circumstance." *Id*. Thill's

4

own testimony indicated that once he started looking to the left, he did not look forward again before moving his vehicle forward. This testimony indicated that Thill did not closely observe Wilson's vehicle. Further, Fontenot failed to show that Wilson created any hazard which Thill could not reasonably avoid. Thus, Fontenot failed to rebut the presumption established in La.R.S. 32:81(A). Accordingly, we find Thill to be 100 percent at fault and to be the sole cause of the accident.

As we reverse the trial court's allocation of any fault to Wilson, the issues of damages and policy limits become moot.

### DECREE

For the foregoing reasons, the judgment appealed from is reversed. We find that Thill was 100 percent at fault and the sole cause of this accident. Therefore, we render judgment in favor of Wilson and Progressive, dismissing Fontenot's claims against them with prejudice. Costs of this appeal are assessed to Plaintiff-Appellee, Eric Fontenot.

**REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.