23 So.3d 370 (2009)
Karl BROUSSARD, Plaintiff-Appellant
v.
ZURICH AMERICAN INSURANCE COMPANY, et al., Defendants-Appellees.
No. 44,695-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 2009.
Rehearing Denied October 22, 2009.
*371 Anthony J. Bruscato, Monroe, for Appellant.
Perkins & Associates, L.L.C. by Richard Russell Ray, Covington, for Appellees.
Before BROWN, STEWART and DREW, JJ.
DREW, J.
Karl Broussard appeals a judgment denying his claim for damages after his vehicle struck the side of a tractor-trailer. We affirm.

FACTS
Timothy Joyce has been a driver for Southeastern Truck Lines for over 13 years. At around noon on a rainy January 25, 2008, Joyce was driving a tractor hauling a 53-foot trailer to Monroe Rubber and Gasket Company located on Louisville Avenue in Monroe. In front of Monroe Rubber and Gasket, Louisville is a five-lane road with a turn lane in the middle. Joyce drove eastbound on Louisville Avenue, then made a right turn into Monroe Rubber and Gasket's parking lot.
As Joyce made his turn, his trailer was struck by a pickup truck being driven in the right lane by Karl Broussard. The point of impact on the trailer was near the mud flap and the last passenger-side tire, which were located close to the back of the trailer. Damage was to the front corner of the driver's side of Broussard's pickup truck. Once Joyce heard the crash, which he did not see, he stopped his tractor-trailer, half of which was already in the parking lot.
Joyce testified that he had proceeded in the right lane down Louisville, turned his right turn signal on as he approached railroad tracks near his destination, moved his cab into the left lane after crossing the tracks, and began his right turn with his right turn signal remaining on. According to Joyce, this maneuver blocked both eastbound lanes, and the right lane was fully *372 blocked and the left lane was partially blocked at the time of the crash. He insisted that the trailer did not follow the cab into the left lane and never left the right lane because the cab was always at an angle in the left lane.
Broussard's recollection of what happened was different. When Broussard first noticed Joyce's truck, it was in the right lane. According to Broussard, his vehicle was about four car lengths behind the tractor-trailer when Joyce moved the entire tractor-trailer into the left lane just before Joyce approached the railroad tracks that cross Louisville. Broussard assumed that Joyce began slowing down because he did not change his speed but yet got closer to the tractor-trailer. Broussard recalled that the front of his vehicle was parallel to the tractor-trailer's back tire in the left lane when Joyce began his right turn. His immediate reaction was to slam on his brakes and go to his right. Broussard denied seeing a turn signal indicating that Joyce was going to make a right turn.
Although the trial court considered both Broussard and Joyce to be credible, it also recognized that their testimony was diametrically opposed. The court found that Broussard failed to establish by a preponderance of the evidence that Joyce had made an improper turn.

DISCUSSION
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong, and where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Cole v. Department of Public Safety & Corrections, 2001-2123 (La.9/4/02), 825 So.2d 1134; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). To reverse a fact finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart, supra.
Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Cole, supra; Rosell v. ESCO, 549 So.2d 840 (La. 1989). However, where documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, the court of appeal may find manifest error even in a finding purportedly based upon a credibility determination. Cole, supra; Rosell, supra.
Although this matter does not involve the classic rear-end collision in the sense that the back of the trailer was not subjected to impact, what occurred was effectively a rear-end collision as the following motorist, Broussard, drove into the part of the turning trailer that was blocking his lane of travel.
La. R.S. 32:81 imposes a duty on a motorist to not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway. A following motorist in a rear-end collision is presumed to have breached this duty and is therefore presumed negligent. Mart v. Hill, 505 So.2d 1120 (La.1987); Boggs v. Voss, 31,965 (La.App.2d Cir.6/16/99), 741 So.2d 139; Bennett v. Louisiana Farm Bureau Cas. Ins. Co., 43,216 (La.App.2d Cir.4/30/08), *373 983 So.2d 966. To avoid liability, a following motorist who rear-ends another vehicle must prove he was not at fault by establishing that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances. Chambers v. Graybiel, 25,840 (La.App.2d Cir.6/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377; Bennett, supra. The following motorist may also avoid liability by showing that the lead motorist negligently created a hazard which he could not reasonably avoid. Boggs, supra; Bennett, supra.
In making his wide right turn, Joyce was subject to the provisions of La. R.S. 32:79, which states, in part:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
Joyce's maneuver was also subject to La. R.S. 32:104(A), which states:
No person shall . . . turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
Joyce made the right turn in a reasonably safe manner. He activated his right turn signal, moved his tractor into the left lane, then began his right turn. Most importantly, his trailer never entirely left the right lane, so the right lane remained occupied even if part of the trailer was in the left lane.
Joyce believed that the cars behind him were a safe distance away when he turned his cab left and then into the right lane to enter Monroe Rubber and Gasket. Joyce saw that Broussard was in the right lane before his cab entered the left lane, and he estimated that Broussard was 80-100 yards away. Joyce was unable to see the impact because when he was turning into the parking lot, his mirrors showed his trailer and not the traffic behind him.
Joyce claimed that Broussard told him after the accident that he had seen the turn signal but had tried to sneak past. Broussard claimed that Joyce told him that he saw Broussard in his rearview mirror but thought Broussard was farther back. Broussard denied telling Joyce that he tried to sneak around his truck or saying anything about turn signals. Joyce testified that he repeated what Broussard told him about seeing the turn signal to Corporal Carey Satre of the Monroe Police Department who investigated the accident. Corporal Satre cited Broussard for careless operation.
Joyce could have driven westbound on Louisville and entered the parking lot by making a left turn from the turn lane, and he often did this when pulling a shorter trailer. However, he was unable to do this with the longer trailer he was pulling because of the more limited space available in the parking lot to maneuver once he entered it in that manner. Monroe Rubber and Gasket's building is close to and at a slight angle to Louisville Avenue, and the delivery bay is on the west side of the building. Joyce thought he was more likely to hit the building or a parked car if he had made a left turn into the parking lot. Corporal Satre related that he had no reason to disagree with Joyce that the best way to drive a trailer of that length into the parking lot was to make a right turn. He thought it might be easier to *374 come from the westbound direction and make a left, but he would not tell Joyce which direction was better.

CONCLUSION
The trial court was not clearly wrong in dismissing Broussard's claim. At Broussard's cost, the judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW and MOORE, JJ.
Rehearing denied.