Judgment rendered September 23, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,586-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ARNOLD LOWTHER, ET AL                    Plaintiff-Appellants

versus

TOWN OF BASTROP                          Defendant-Appellees

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2008333

Honorable Robert C. Johnson, Judge

* * * * *

VILAR & GREEN, LLC                   Counsel for Appellants,
By:  Aaron L. Green                  Arnold Lowther, Mark
     Mark Felipe Vilar               Middlebrook, Richard
                                     McDonald, Stephen
                                     Kelly, Bard White,
                                     Jeffery Ramey, Heath
                                     Eppinette, Timothy
                                     Williams, Jamie Walker,
                                     Marvin A. Holmes, Jr.,
                                     Kenneth Watt, Chad
                                     Manning, John W. Sharp,
                                     Ted Grimes, Kenneth G.
                                     Diel, Ricky King, Josh
                                     Morrison, Kevin Riles,
                                     Damon Carroll, Greg
                                     Cheek, David Robinson,
                                     Corey Robinson, Scott

G. Bulloch, Danny D.
Barmore, Rodney
Brown, Arnold D. Ray,
John Hattaway, Chad
Yeldell, Kevin Diel,
William Lee James,
Chris Parker

PIERRE & PIERRE, L.L.C.
By:   James Rodney Pierre

Counsel for Appellees,
City of Bastrop, Town of
Bastrop, Henry Cotton,
Marvin Moore, Larry
Prator, Robert Shaw,
Darry Green, Howard
Loche

\* \* \* \* \*

Before WILLIAMS, MOORE, and STONE, JJ.

**STONE, J.**

The plaintiffs-appellants are 32 current and former firemen with the City of Bastrop Fire Department. Appellants filed a petition for writ of mandamus seeking enforcement of a May 6, 2019 judgment, ordering previously calculated back pay amounts from the City of Bastrop and its officials. In response, the City of Bastrop and its officials filed an exception of no cause of action, which the trial court sustained. Appellants now appeal that ruling.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 5, 2008, appellants filed suit against the City of Bastrop ("City"), alleging that the City's pay practices violated applicable law.

On November 13, 2014, the trial court granted appellants' petition for declaratory judgment, and ordered the City and its fire department to enact a uniform salary/plan scheme that complied with applicable law.

On December 19, 2016, the trial court adopted appellants' proposed pay plan from January 1, 2005 through the indefinite future, and awarded a monetary judgment for all amounts due appellants under that plan.

Following the May 6, 2019 trial, judgment was rendered in favor of each appellant, confirming the calculated back pay amounts as mandated by law.

On October 16, 2019, appellants filed a petition for writ of mandamus requesting the trial court order the City to comply with its ministerial duty to pay its firemen in accordance with applicable law, as reflected in the May 6, 2019 judgment. In response, the City filed an answer and exception of no cause of action. The City argued that appellants are not entitled to use a writ of mandamus as an alternative means to execute a judgment against a

political subdivision. Appellants filed an opposition to the City's exception of no cause of action. Appellants argue that they are entitled to the writ of mandamus, as it relates to ministerial duties afforded by the Louisiana Constitution and Louisiana Civil Service laws.

After a hearing on the exception of no cause of action, the trial court sustained the exception and the appellants were granted ten days to amend their petition for writ of mandamus. Appellants subsequently filed a timely amended petition for writ of mandamus. The trial court, again, sustained the City's exception of no cause of action, signed a judgment to that effect, and dismissed appellants' amended petition for writ of mandamus with prejudice. The appellants now seek review.

### DISSCUSSION

Appellants have filed an appeal asking this Court to review the trial court's ruling which sustained the City's exception of no cause of action.

The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Gipson v. Fortune*, 45,021 (La. App. 2 Cir. 1/27/10), 30 So. 3d 1076, *writ denied*, 10-0432 (La. 4/30/10), 34 So. 3d 298. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. *City of New Orleans v. Board of Directors of La. State Museum*, 98-1170 (La. 3/2/99), 739 So. 2d 748; *In re Succession of Carroll*, 46,327 (La. App. 2 Cir. 7/20/11), 72 So. 3d 384, *writ not cons.*, 11-1844 (La. 11/4/11), 75 So. 3d 912.

The exception is triable on the face of the petition, and each well-pled fact must be accepted as true. There is no requirement that the court accept as true any conclusions of law alleged in the petition. *Dejoie v. Medley*,

41,333 (La. App. 2 Cir. 12/20/06), 945 So. 2d 968. In determining whether the law affords any remedy, all reasonable inferences are made in favor of the nonmoving party. *City of New Orleans v. Board of Directors of La. State Museum, supra; Rangel v. Denny,* 47,381 (La. App. 2 Cir. 8/8/12), 104 So. 3d 68. Generally, an exception of no cause of action must be overruled unless the allegations in the petition exclude every reasonable hypothesis other than the premise on which the defense is based, *i.e.,* unless the plaintiff has no cause of action under any evidence admissible under the pleadings. *Steed v. St. Paul's United Methodist Church*, 31,521 (La. App. 2 Cir. 2/24/99), 728 So. 2d 931, *writ denied*, 99-0877 (La. 5/7/99), 740 So. 2d 1290.

Appellate courts conduct a *de novo* review of a district court's ruling sustaining an exception of no cause of action, because the exception raises a question of law and the district court's decision should be based only on the sufficiency of the petition. An exception of no cause of action is sustained only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211*; City of New Orleans v. Board of Directors of La. State Museum, supra*.

In the instant case, the City filed an exception of no cause of action in response to the appellants' request for a writ of mandamus to enforce the May 6, 2019 judgment. The City argues that as a political subdivision it cannot be compelled to pay the May 6, 2019 judgment, via a writ of mandamus.

3

A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature. La. C.C.P. art. 3862.

"Mandamus is a writ directing a public officer ... to perform" "a ministerial duty required by law." *Jazz Casino Company, L.L.C v. Bridges*, 16-1663 (La. 5/3/17), 223 So. 3d 488, 492. "A 'ministerial duty' is one 'in which no element of discretion is left to the public officer,' in other words, 'a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law.'" *Id.* at 492, *citing Hoag v. State*, 04-0857 (La. 12/1/04), 889 So. 2d 1019. "If a public officer is vested with any element of discretion, mandamus will not lie." *Id*. at 492, *citing Landry v. City of Erath,* 628 So. 2d 1178 (La. App. 3 Cir. 1993).

In order to determine if the trial court properly sustained the City's exception of no cause of action, we must first determine if the requested action in the writ of mandamus is a ministerial act.

Appellants rely upon La. R.S. 33:1969 (which mandates that firemen receive equal compensation for equal performance); and La. R.S. 33:1992, (which mandates the minimum salaries for firemen in the City and how longevity pay is calculated), in arguing that the requested action is a ministerial act. Appellants argue that the mandatory language of these statutes removes from the city council any discretion to perform. Appellants

4

further argue that they have no other legal mechanism to obtain payment of the funds, as they have already exhausted ordinary proceedings as evidenced by the May 6, 2019 judgment.

The state constitution divides governmental power among separate legislative, executive, and judicial branches and provides that no one branch shall exercise powers belonging to the others. *Hoag v. State, supra, citing* La. Const., art. II, §§ 1 and 2. "This trichotomous branching of authority furnishes the basis for the existence of an inherent judicial power that the legislative and executive branches cannot abridge." *Id.* "Likewise, the judicial branch is prohibited from infringing upon the inherent powers of the legislative and executive branches." *Id.* Thus, when litigants seek to invoke the power of the judiciary to compel another branch of government to perform or act, care must be taken in examining whether the action is within the confines of the judiciary's constitutional authority. *Id.*

*Newman Marchive Partnership, Inc. v. City of Shreveport,* 07-1890 (La. 4/8/08), 979 So. 2d 1262, held:

> The constitution allocates the judiciary some power over the other branches through article XII, section 10(A), where it waives the State's immunity in suits in contract and tort. *See Jones v. City of Baton Rouge*, 388 So. 2d 737, 740 (La.1980). Thus, the judicial branch is empowered to render judgments against the state. *Hoag v. State*, 04-0857 (La. 12/1/04), 889 So.2d 1019. However, the constitution does not provide the judiciary with the ability to execute those judgments…

> Still, the combined effect of article XII, section 10(C) and LSA-R.S. § 13:5109(B)(2) is clear. Judgments against a political subdivision of the State may only be paid "out of funds appropriated for that purpose by the named political subdivision," LSA-R.S. 13:5109(B)(2); *Hoag*, 04-0857, p. 5, 889 So. 2d at 1023, and under no circumstance shall "public property or public funds ... be subject to seizure".

5

The constitution provides the judiciary the power to award a judgment against a political subdivision, but reserves the power to execute the judgment for the legislature.[1] The legislature has statutorily created a mechanism by which to execute judgments. *See* La. R.S. 13:5109(B)(2). Though the City of Bastrop has a statutory mandate to adequately pay its firemen, there is no statutory mandate to pay a judgment. Claims against the state expressly require an appropriation of funds by the legislature or in this case the city council. *See Town of Sterlington v. Greater Ouachita Water Company*, 52,482 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1257, *writs denied*, 19-0913 (La. 9/24/19), 279 So.3d 386 and 19-0717 (La. 9/24/19), 279 So.3d 931.

This case falls squarely within the scope of La. Const. art. XII, § 10(C), and La. R.S. 13:5109(B)(2), and thus requires an appropriation of funds by the legislature or the political subdivision against which a judgment was rendered. Payment of a judgment is not ministerial act. Appellants, as judgment creditors of the City of Bastrop, are required to use the statutory mechanisms provided by the legislature for executing a judgment against a political subdivision. Appellants must obtain an appropriation of funds by the city council.

---

[1] [T]he legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered. La. Const. art. XII, § 10(C).

Appellants' request to enforce the May 6, 2019 judgment is not within the judiciary's purview to enforce, and it is not appropriate for a writ of mandamus. The trial court did not err in granting the City of Bastrop's exception of no cause of action. As judgment creditors, appellants are not entitled to circumvent La. R.S. 13:5109(B)(2), and request a writ of mandamus.

Appellants also argue that the trial court incorrectly dismissed their writ of mandamus with prejudice, though the parties agreed the matter would be dismissed without prejudice. To preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the ruling and state the reasons for the objection. *Robinson v. Healthworks Intern., L.L.C.*, 36,802 (La. App. 2 Cir. 1/29/03), 837 So. 2d 714, *writ not cons.*, 03-0965 (La. 5/16/03), 843 So. 2d 1120; *Currie v. Myers*, 32,633 (La. App. 2 Cir. 1/26/00), 750 So. 2d 388, *writ not cons.*, 00-0665 (La. 3/17/00), 756 So. 2d 316. A review of the records shows that at the conclusion of the hearing counsel for the City of Bastrop presented a judgment that had been approved as to form by both parties. The trial court later questioned why the prepared judgment stated that the exception was rendered without prejudice and informed the parties that the judgment should contain the "with prejudice" language. Counsel for the City of Bastrop agreed with the trial court, while counsel for appellants, who was present, remained silent. The record does not show that appellants' counsel objected to the trial court's ruling to dismiss the matter with prejudice, as to preserve the issue for appellate review. As such, this argument is not properly before this Court.

**CONCLUSION**

For the reasons set forth above, the trial court's judgment sustaining the exception of no cause of action filed by the City of Bastrop and dismissing with prejudice appellants' writ of mandamus is AFFIRMED.

Costs of this appeal are assessed to plaintiffs-appellants.