799 So.2d 634 (2001)
Brodrick D. LINNEAR, Plaintiff-Appellant,
v.
MUTUAL SERVICE CASUALTY INSURANCE COMPANY, et al., Defendant-Appellee.
No. 35,152-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*635 C. Don McNeill, Shreveport, Counsel for Appellant.
Adair, Schuerman & White, by Kim Segura Landry, Sue Buser, Frank Achary, Metairie, Counsel for Appellee.
Before GASKINS, PEATROSS and KOSTELKA, JJ.
KOSTELKA, J.
This appeal arises from a judgment in favor of Direct General Insurance Company of Louisiana ("Direct General"), the insurer for William Wheat ("Wheat"),[1] *636 wherein the trial court found no liability on the part of Wheat in a motor vehicle accident. The trial court further determined that Brodrick Linnear's ("Linnear") negligence was the sole cause of the accident at issue, and he now appeals. For the following reasons, we affirm.

FACTS
The facts of this case are largely undisputed. On February 26, 1998, an automobile operated by Linnear struck the rear of a vehicle operated by Wheat. At the time of the accident, Linnear was driving west on West 70th Street in Shreveport, Louisiana, at approximately 35 m.p.h. in heavy traffic. There were three passengers in Linnear's vehicle, Trey McNeil, Willie Linnear, and Andy Lynch. Linnear was following the vehicle driven by Wheat at the distance of approximately one car length just prior to the accident. Wheat stopped in the roadway in front of Linnear; Linnear applied his brakes but was unable to stop before his vehicle struck the rear of the vehicle driven by Wheat.
At the bench trial of the matter, Linnear, as well as his passengers, all testified that following the accident Wheat stated he intended to make a left turn but failed to realize that there was a left turn lane which he should have used for that purpose. All of the witnesses testified that Wheat's car was stopped in its lane, and there was no testimony that Wheat was actually in the process of a left turn at the time of the accident. At the time of trial, Wheat had died due to unrelated causes and Linnear and his passengers were the only witnesses. After considering the evidence, the trial court determined that Wheat had not acted negligently and imposed all fault on Linnear. Judgment was entered in favor of Direct General and this appeal by Linnear ensued.

DISCUSSION
Linnear raises two related assignments of error. First, he claims that the trial court erred in failing to find any negligence on Wheat's part. Second, he argues that the trial court erred in not exonerating him of negligence under the sudden emergency doctrine.
A trial court's findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Barnes v. Reed, 32,380 (La.App.2d Cir.10/29/99), 743 So.2d 936. Under the manifest error standard, the linchpin is whether the trial court's findings are reasonable; even if the appellate court feels its own evaluation of the evidence is more reasonable, the trial court's findings cannot be reversed if they are in fact reasonable. Lewis v. State, Through Dept. of Transp. and Development, 94-2370 (La.04/21/95), 654 So.2d 311. In other words, the appellate court may not reverse simply because it is convinced that had it been sitting as the trier of fact it would have ruled differently. Lewis, supra. The manifest error rule also regulates a trial court's finding regarding the allocation of fault. Clement v. Frey, 95-1119 (La.01/16/96), 666 So.2d 607.
Louisiana R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway. A following motorist *637 in a rear-end collision is presumed to have breached this duty and is, therefore, presumed negligent. Mart v. Hill, 505 So.2d 1120 (La.1987); Boggs v. Voss, 31,965 (La.App.2d Cir.06/16/99), 741 So.2d 139.
Here, the trial court was presented with the consistent testimony of the occupants of Linnear's vehicle, as well as Linnear, that he was traveling at the speed of approximately 35 m.p.h. and was at most a car's length behind Wheat's vehicle. Linnear testified that he did not see Wheat's brake lights and that he could not avoid the collision. Based on the evidence before it, the trial court made these findings:
The problem the Court has is with liability. It's a rear-end collision. They ran slap dab into the end of the car in front of them. The Court believes the evidence shows that they were not maintaining a sufficient interval between the cars for the disfor the speed at which they were traveling. Further, there was testimony thatfrom the driver that he didn't even see the brake lights of the car head [sic] of him, which leads me to believe that he was following too closely and not really being attentive, and so my problem is with liability.
I don't believe that the burden has been met that the defendant driver, who's dead, was responsible for the accident. I think the evidence shows that the cause of the accident was following too closely and perhaps being inattentive, and that doesn't even get into the marijuana and the alcohol. It's a liability question. It's a rear-end collision, and you've really got to have an extraordinary set of circumstances, I think, ... to get past the presumption on rear-end collision.
Based on the evidence presented to the trial court, its determination was reasonable that Linnear's actions were negligent and the sole cause of the collision. This finding is not clearly wrong and, we conclude, does not amount to manifest error by the trial court.
Furthermore, Linnear would not be exculpated under the sudden emergency doctrine due to the trial court's reasonable finding that he acted negligently. Under Louisiana's sudden emergency doctrine, a person "who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence ...." Jackson v. Scott Truck and Tractor, Inc., 31,933 (La.App.2d Cir.05/05/99), 736 So.2d 987, 992, citing, Traweek v. Jackson, 30,248 (La.App.2d Cir.02/25/98), 709 So.2d 867 (Emphasis added).
Finally, the argument presented by Linnear regarding Wheat's duty as a left-turning motorist is inapplicable. The evidence shows that Wheat had stopped in the lane in which Linnear was following. There is no evidence to indicate that Wheat was engaged in a left turn when the collision occurred. The evidence only indicates that Wheat had stopped in the left-hand lane and that he indicated after the accident he had intended to turn left.

CONCLUSION
Therefore, for the forgoing reasons, the trial court's judgment in favor of Direct General is affirmed with costs being assessed to Linnear.
AFFIRMED.
NOTES
[1] Although the lawsuit was originally brought against Mutual Service Casualty Insurance Company, as reflected in the caption, the lawsuit was subsequently amended to replace said named defendant with Wheat's true insurer, Direct General.