803 So.2d 365 (2001)
Linda L. WHEELIS and William D. Wheelis, Plaintiff-Appellee,
v.
CGU INSURANCE, Global Laboratories, LLC, James C. Kent and Louisiana Farm Bureau Insurance Company, Defendant-Appellant.
No. 35,230-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 2001.
*367 Carey B. Underwood, Monroe, Counsel for Appellant.
Bobby L. Culpepper, Jonesboro, Teresa C. Carroll, Counsel for Appellee, Linda & William Wheelis.
Joseph P. Williams, Metairie, Counsel for Appellee, Louisiana Farm Bureau Mutual Insurance Co.
Before BROWN, WILLIAMS and KOSTELKA, JJ.
*368 WILLIAMS, J.
In this personal injury action, the defendants, James C. Kent, Global Laboratories, LLC., and its liability insurer, CGU Insurance,[1] appeal a trial court judgment in favor of the plaintiffs, William and Linda Wheelis, finding the defendants 100% at fault in causing the automobile accident. The defendants also challenge the trial court's quantum award for plaintiff, Linda Wheelis. For the reasons expressed, we amend the trial court's judgment, and affirm, as amended.

FACTS
On July 30, 1998, at approximately 3:30 p.m., the plaintiffs, William and Linda Wheelis, were traveling on Louisiana Highway 34, in Jackson Parish. William Wheelis was operating a 1978 Ford F100 truck. Linda Wheelis and their two grandchildren were passengers in the vehicle. The defendant, James Kent ("Kent") was operating a 1994 GMC truck, owned by Global Laboratories, LLC, and was traveling north on La. Hwy. 34, toward Ouachita Parish. Evidence adduced at trial shows that the weather was sunny and dry. The highway was free of defects; however, there is a curve just prior to the accident site.
According to Kent, his truck began to overheat. He proceeded to make a right-hand turn onto the shoulder of the highway. Kent was traveling at between 5 to 10 mph, when his truck was struck from behind by the Wheelis' vehicle. At the time of impact between the vehicles, Kent's right front tire was slightly off the roadway. According to William Wheelis, he was traveling 300 to 400 feet behind Kent when he realized that Kent was stopping his truck. Although William Wheelis sustained only minor injuries as a result of the accident, Linda Wheelis suffered more severe injuries, including a broken wrist.
The plaintiffs filed suit against Global Laboratories, LLC, the owner of the truck, and its insurer, CGU Insurance. After a bench trial, the court found Kent 100% at fault in causing the accident. The court found that Kent did not utilize his turn signal and his brake lights were not working. The court held that Kent had created a sudden emergency and William Wheelis could not reasonably avoid the rear-end collision. The court awarded William Wheelis $500 for his injuries and $500 for property damage. Linda Wheelis was awarded $25,000 in general damages, $7,593.38 in special damages and $145.70 as reimbursement for travel for medical care.[2] The defendants appeal.

DISCUSSION
The defendants contend the trial court erred in finding that the driver, Kent, created a sudden emergency. They argue that they should not have been assessed with 100% of the fault in causing the accident. Plaintiffs contend the trial court's decision that William Wheelis was free from fault is correct because: (1) he had his vehicle under control; (2) he closely *369 observed the preceding vehicle; (3) he followed at a safe distance under the circumstances; and, (4) the "sudden emergency doctrine" applies.
It is well settled under our law and jurisprudence that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in LSA-R.S. 32:81 and therefore is presumed negligent. Traweek v. Jackson, 30,248 (La.App.2d Cir.2/25/98), 709 So.2d 867. Section 81 provides as follows:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
The burden rests with the following motorist to exonerate himself or herself from negligence. Evans v. Olinde, 609 So.2d 299 (La.App. 3d Cir.1992); Fontenot v. Boehm, 512 So.2d 1192 (La.App. 1st Cir. 1987).
However, when a following motorist is suddenly confronted with an unanticipated hazard created by the preceding vehicle which the following motorist could not have reasonably avoided and a collision occurs, the following driver should be found free from fault. Babineaux v. Tollie Freightways, Inc., 628 So.2d 1327 (La.App. 3d Cir.1993); Evans v. Olinde, supra. Thus, in order for the following driver who collides with a preceding vehicle to exculpate himself, he must show that he kept his vehicle under control, that he closely observed the forward vehicle, that he followed at a safe distance under the circumstances, or that the lead driver negligently created a hazard which the following vehicle could not reasonably avoid. State Farm Mutual Automobile Insurance Co. v. Hoerner, 426 So.2d 205 (La.App. 4th Cir.1982), writ denied, 433 So.2d 154 (La. 1983).
Under this so-called "sudden emergency doctrine," a person who finds himself or herself in a position of imminent peril, without sufficient time to consider and weigh all of the circumstances or the best means available to avoid an impending danger, is not guilty of negligence if he or she fails to adopt what subsequently and upon reflection may have been a better means to avoid the peril. Jackson v. Scott Truck and Tractor, Inc., 31,933 (La. App.2d Cir.5/5/99), 736 So.2d 987, 992; Traweek v. Jackson, supra; Babineaux v. Tollie Freightways, Inc., supra.
The law is also very well settled that the allocation of fault is a factual determination and subject to the trial court's great discretion. Hughes v. Bossier Parish School Board, 32,225 (La.App.2d Cir.10/29/99), 745 So.2d 816; Clement v. Frey, 95-1119 (La.1/16/96), 666 So.2d 607. Factual findings are not disturbed on appeal absent manifest error. Sims v. State Farm Auto. Ins. Co., 98-1613 (La.3/2/99), 731 So.2d 197; Stobart v. State, 617 So.2d 880 (La.1993). When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Sims v. State Farm, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the instant case, the trial court found that William Wheelis kept his car under control, closely observed the forward vehicle, followed at a safe distance, exercised reasonable care under the circumstances and only lost view of the road briefly when he glanced in his rear view mirror. The court further found that the failure of Kent to engage his signal light when he turned off of the road, created a sudden emergency that caused his truck to be rear-ended.
*370 This record does not support the trial court's conclusion that Wheelis was without fault in causing this accident. There were no obstructions in the roadway and it was a dry, sunny day. William Wheelis testified he noticed that the other vehicle was stopping or about to stop when he was about 300 to 400 feet away. Furthermore, the record shows that Wheelis' braking produced only 16 feet of skid marks even though Wheelis noticed that the other vehicle was stopping from a much farther distance away. Thus, the plaintiff failed to maintain his burden of proving that he closely observed the forward vehicle and that he maintained control of his vehicle. In fact, Wheelis has failed to provide a reasonable explanation for his failure to react after noticing the stopped or stopping vehicle. Consequently, Wheelis is unable to exculpate himself under the sudden emergency doctrine. However, Mr. Wheelis' inability to exculpate himself does not absolve Kent of his fault in this matter. Therefore, we find that both Kent and William Wheelis were at fault in causing the accident.
In determining the percentages of fault, the court shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed. In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm and Casualty Insurance Company, 469 So.2d 967, 974 (La.1985).
The record supports the trial court's finding that Kent's rear lights were not working and his turn signal was not engaged. Kent was clearly negligent in operating his vehicle without properly operating tail lights and in slowing to almost a complete stop, on a state highway, without engaging his vehicle's turn signal or caution lights.
On the other hand, Wheelis should have kept a proper lookout. He should have been attentive and should have observed Kent begin to slowly drive his vehicle off of the highway in sufficient time to stop his vehicle and avoid the accident. Therefore, we find that Wheelis should have been assessed with 25% of the fault in causing this accident. Accordingly, we will amend the judgment to assess 75% fault to the defendant and 25% fault to the plaintiff, William Wheelis.

Linda Wheelis' Damage Award
The defendants challenge the amount of the trial court's award to Linda Wheelis. Defendants contend that since Wheelis only suffered a broken wrist and her carpal tunnel syndrome was not caused by the accident, the trial court's general damages award of $25,000 is excessive. They also challenge the trial court's award for medical expenses associated with the carpal tunnel syndrome.
In a personal injury suit, the test used to determine whether a causal relationship exists between the accident and subsequent injuries is whether the plaintiff proved, through medical testimony, that it was more probable than not that the subsequent injuries were caused by trauma suffered in the accident. The plaintiff is aided in establishing this burden by the legal presumption that a medical condition producing disability is presumed to have *371 resulted from an accident if, before the accident, the injured person was in good health, but shortly after the accident, the disabling condition manifested itself. Starnes v. Caddo Parish School Board, 598 So.2d 472 (La.App. 2d Cir.1992).
In the instant case, the plaintiffs testified at trial that Linda Wheelis had no injury to her right wrist before the accident. Further, the evidence of record does not support the defendants' contention that the carpal tunnel syndrome occurred because of some other event, at some other time. Moreover, the medical reports indicate that the carpal tunnel syndrome was caused by the accident. Since the carpal tunnel syndrome did not manifest itself until after the accident, it is more probable than not that the injury was caused by trauma suffered in the accident. Therefore, plaintiffs carried their burden of establishing a causal relationship between the accident and the carpal tunnel injury.
The role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy of the award should be determined by the facts and the circumstances particular to the case under consideration. An appellate court should rarely disturb an award of general damages since the discretion vested in the trier of fact is "great". The standard of review is nonspecific, and only when the award, in either direction, is beyond that which a reasonable trier of fact could assess for this particular injury to this particular plaintiff under these particular circumstances should an appellate court increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Richard v. Wal-Mart Stores, Inc., 29,926 (La.App.2d Cir 10/31/97), 702 So.2d 79.
The defendants contend the damage award is excessive. They argue that the general damages awarded for a fractured wrist should have been $7000.00. We have previously concluded that the record supports the trial court's finding that the carpal tunnel syndrome resulted from the accident. Accordingly, the argument by the appellants to reduce the general damages award because the accident did not cause the carpal tunnel syndrome is without merit. Furthermore, Linda Wheelis underwent surgery because of the injury. She experienced pain and suffering from this injury from July 30, 1998 until approximately September 24, 1999. We find no abuse of the trial court's discretion in its award of damages. Therefore, the amount awarded Linda Wheelis will not be reduced.

CONCLUSION
The judgment of the trial court finding that Kent was 100% at fault is amended to assess 75% of the fault to the defendant, James Kent, and 25% of the fault to the plaintiff, William Wheelis. In all other respects, the judgment is affirmed. Costs of this appeal are assessed 75% to defendants and 25% to plaintiffs.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] American Central Insurance Company filed an answer to the petition, asserting that it was the liability insurer of Global Laboratories, LLC. However, the judgment was rendered against CGU Insurance and approved as to form by the defendants' attorney. In their appellate brief, the defendants again named American Central Insurance Company as a defendant/appellant. For purposes of this opinion, we will refer to the defendant insurer as CGU Insurance, as its name appears in the trial court's judgment.
[2] The trial court also awarded plaintiff-intervenor, Louisiana Farm Bureau Insurance Company, the Wheelis' insurer, $5,575 for previously submitted medical payments in accordance with a joint stipulation of facts entered prior to trial.