818 So.2d 279 (2002)
Calvin A. RENARD, Plaintiff-Appellee,
v.
Robert McCLOUD, et al., Defendants-Appellants.
No. 35,633-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 2002.
Rehearing Denied June 6, 2002.
*280 Henchy, Verbois, Futrell & Foil by C. Michael Futrell, Durward D. Casteel, Baton Rouge, Lavalle B. Salomon, Monroe, for Defendants-Appellants Robert McCloud, J.B. Hunt Transport, Inc. and National Union Fire Ins. Co.
Trinchard & Trinchard by James L. Trinchard, David P. Curlin, New Orleans, for Third Party Defendant Fleetline Inc. and Defendant in Reconvention Calvin A. Renard.
Klotz, Simmons & Brainard, by Harry D. Simmons, Shreveport, Eron J. Brainard, for Plaintiff-Appellee Calvin A. Renard.
Before STEWART, PEATROSS and DREW, JJ.
*281 STEWART, J.
The plaintiff, Calvin Renard ("Renard"), filed suit against Robert McCloud, driver of a tractor/trailer rig owned by J.B. Hunt Transportation, Inc., and National Union Fire Insurance Company, the insurer of McCloud and Hunt ("Defendants") arising out of injuries sustained in an automobile accident. The defendants filed a reconventional and third party demand against Renard and the owner of his vehicle, Fleetline, Inc. The court found in favor of the plaintiff and awarded $521,358.00 in total damages and rejected the defendants' reconventional and third party demands. For the reasons expressed herein, we affirm.

FACTS
On the morning of February 1, 1996, Calvin Renard was driving an 18 wheel tractor trailer rig for Fleetline, Inc eastbound on Interstate 20, approaching the Mississippi River Bridge. The weather conditions were icy and rainy. As Renard proceeded eastward, he saw the driver of an automobile in front of him lose control, spin around, and hit the railing of the bridge. Renard then slowed his truck, bringing it to a stop on the right shoulder of the roadway. Next, Renard activated his flashing hazard lights and called out on his CB radio to warn other truck drivers of the accident. Renard then exited his truck and went to check on the condition of the occupants of the disabled car. The driver of the disabled car asked Renard to call for assistance. On his way back to his truck, Renard saw another truck traveling eastbound in his direction. He then stood behind his truck to allow the truck to pass. However, the oncoming truck sped out of control and collided with Renard's truck which then struck him, knocking him to the ground.
A trial was completed on October 26, 2000, at which the court found McCloud 100% at fault for the accident and awarded general damages, past and future medical costs, and past and future lost wages totaling $521,358.00.

DISCUSSION

Standard of Review
A trial court's factual determination should not be set aside in the absence of manifest error or unless the finding of facts is clearly wrong. Stobart v. State through DOTD, 617 So.2d 880 (La.1993); State ex rel W.H. v. J.A.V., 35,887 (La. App.2d Cir.2/27/02) 811 So.2d 189.

Allocation of Fault
McCloud argues that the trial court erred in finding him 100% at fault for the accident because he was faced with a sudden emergency road condition not of his own making. He contends that it was the plaintiff's failure to adequately warn him of the road hazard coupled with the icy conditions of the road that caused the accident. Moreover, McCloud asserts that the Renard was at least contributorily negligent because he failed to place flares or reflective triangles behind his vehicle to warn oncoming motorists as required by La. R.S. 32:368 and the Federal Motor Carrier Safety Regulations 49 CFR § 392.22(b) which states in pertinent part:
"... whenever a commercial motor vehicle is stopped upon the travel portion for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within ten (10) minutes place the warning devices required by § 393.95 of this subchapter, in the following manner ..."
McCloud asserts that it is Renard and not him that is liable under the court's duty/ risk analysis. Consequently, the defendant *282 should have his liability reduced or eliminated entirely with a proper allocation of fault to the plaintiff.
The court found McCloud's reliance on the federal statue and La. R.S. 32:368 misplaced. The record demonstrates that not only was McCloud aware of the hazardous road conditions, he admitted to hearing Renard's warning on the CB radio that a car had spun out of control and wrecked on the bridge. McCloud also admitted that he could clearly see Renard's truck from a distance of "at least a football field." Further, McCloud never asserted that he was surprised or unable to respond quickly enough to the accident, but rather that when he attempted to move from the right into the left lane, his truck hit a patch of black ice and slammed into Renard's trailer.
To prevail on a negligence claim, the plaintiff must satisfy the five elements of the duty/risk analysis by proving that (1) the defendant had a duty to conform his conduct to a specific standard, (2) the defendant breached the duty by failing to conform his conduct to the appropriate standard, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) the defendant's conduct was the legal cause of the plaintiff's injuries, and (5) the existence of actual damages. Davis v. Smith, 35,117(La.App.2d Cir.10/02/01), 796 So.2d 765.
Renard testified that after the car spun out of control and wrecked on the side of the road, he stopped his truck, turned on the blinking hazard lights, and went to render assistance. The trial court found that Renard's actions were completely reasonable under the circumstances and not in violation of federal or state law. Moreover, the court found that Renard's actions were not the legal cause of the accident. There was no manifest error in this finding. Thus, this assignment is without merit.
Because we find that there was no manifest error in the trial court's allocation of fault, we also find that the trial court was correct in denying the defendant's third party/ reconventional claims against Renard and Fleetline for damage to McCloud's truck.

Damages
Likewise, we find no abuse of discretion in the trial court's award of general damages or past or future lost wages. In making damage awards, the discretion of the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Methvin v. Ferguson, 35,138 (La. App.2d Cir.9/26/01), 796 So.2d 712. Our role is not to decide what we consider to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, supra. Each case is different and the adequacy or the inadequacy of the award should be determined by the facts and circumstances particular to the case under consideration. In reviewing a damage award, the initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the much discretion of the trier of fact. Youn, supra.
Our review of the record shows that the plaintiff's pain and symptoms from the accident have continued in the six years since the accident. He has neck pain, shoulder pain, and headaches. Renard initially tried to continue driving his truck despite the pain, but it soon became too much for him to bear. Doctor John C. Milani, the orthopedic surgeon who treated *283 the plaintiff, diagnosed him with a lumbar disc herniation which caused pain and numbness in both legs and eventually required surgery. Although the surgery initially alleviated such pain and numbness, the lower back and chest pains have returned.
The trial court found that there was a significant loss of the enjoyment of life following the accident. During the trial, there was testimony from Renard and his wife that he could no longer do many of the things he used to enjoy before the accident such as fishing, biking, dancing with his wife, or playing with his children. The court found that an award of $225,000 in general damages for pain and suffering, disability and physical impairment, and loss of enjoyment of life was fair and reasonable. We find no abuse of discretion as to this award.
Similarly, the trial court found the award of $51,331.00 for future medical expenses reasonable in light of the evidence presented in the testimony of Dr. Milani and economic expert, Dr. Melvin Harju. Dr. Harju was accepted as an expert in the field of calculating and projecting past and future economic losses, including earning capacity. He calculated Renard's lost future wages to be $204,702.00 based on evidence that Renard would likely not be able to drive trucks beyond the age of fifty (50), and would have difficulty finding anything above minium wage as a disabled blue collar worker. The trial court accepted the uncontradicted testimony of these experts, thus we find no abuse of discretion.

CONCLUSION
Based on the foregoing reasons, we find no manifest error in the finding of fact by the trial court, nor do we find an abuse of discretion in the damage awards. Consequently, the judgment of the trial court is affirmed. Cost assessed to the appellant.
AFFIRMED.
APPLICATION FOR REHEARING.
Before NORRIS, C.J., WILLIAMS, STEWART, PEATROSS, and DREW, JJ.
Rehearing denied.