833 So.2d 1204 (2002)
Bobby L. TAYLOR and Billy R. Gray, Plaintiffs-Appellees,
v.
Russell VOIGTLANDER and Shelter Mutual Insurance Company, Defendants-Appellants.
No. 36,670-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
*1205 Cook, Yancey, King & Galloway, by Lisa Dunn Folsom, Gregg A. Wilkes, Shreveport, for Appellants.
Piper & Associates, Shreveport, by Brenda Ford Jones, for Appellees.
Before GASKINS, DREW and HARRISON (Pro Tempore), JJ.
GASKINS, J.
This appeal arises from an accident where a city-owned truck pulling a trailer apparently rolled back into a vehicle stopped behind it. The driver of the stopped car, Russell Voigtlander, and his insurer appeal from a trial court judgment which found him at fault and awarded damages to two passengers in the city-owned truck. For the following reasons, we reverse the trial court judgment.

FACTS
On September 26, 2000, Bobby L. Taylor and Billy R. Gray were passengers in a city-owned truck driven by Donald Spearman. All three men worked for Code Enforcement for the City of Shreveport, cutting grass. The vehicle in which they were traveling was a Chevrolet four-door extended cab pick-up truck; it was pulling a flatbed goose neck trailer carrying a tractor with bush hog and front end loader. They were going south on Linwood in Shreveport. They stopped in the lefthand turn lane at a signal light at the intersection of Linwood and Bert Kouns. At this time, there was contact between their vehicle and that of Russell Voigtlander, who was behind them. There was only minor damage to the Voigtlander vehicle and no damage to the city-owned truck or trailer. None of the city employees in the truck reported being injured to the police who investigated the accident. They then went on to their job site and completed their shifts for the day.
On March 8, 2001, Taylor and Gray filed suit against Voigtlander and his auto insurer, Shelter Mutual Insurance Company. Both plaintiffs claimed to have sustained back injuries; Taylor also asserted a shoulder injury. In their answer, the defendants contended that the sole cause of the accident was the negligence of Spearman in allowing his vehicle to roll back into the Voigtlander vehicle.
Trial was held on February 21, 2002. Both plaintiffs and their driver testified that they had come to a complete stop and were rear-ended by Voigtlander.[1] The impact was described as a "bump" by all of these witnesses; Gray and Spearman even qualified it as a "little bump." Another passenger in the city-owned truck, Curtis Ellis, testified that the weight on the trailer shifted; he thought they rolled back since they were on a slight incline. However, he stated that he was not paying attention and could not be certain what happened.
Voigtlander testified that he pulled out of a Texaco station at the intersection of Linwood and Bert Kouns and then came to a complete stop in the turn lane behind the city-owned vehicle. He glanced down at a newspaper he purchased at the Texaco station, trying to recall if he had bought one for his father. When he looked back up, he saw the trailer rolling back at him. He started to place his vehicle in reverse to try to avoid being hit. He turned around to see if anything was behind him; however, at this time, there was contact between the trailer and his vehicle. His 1997 Ford Explorer sustained a small dent *1206 or dimple on the hood and a crack on the plastic grill from a small wheel of the bush hog extending off the back of the trailer. Voigtlander testified that after the accident, the driver and one of the passengers in the city truck told him that they had rollednot backedinto him.
The trial court ruled in favor of the plaintiffs. The court found that two factors contributed to the accident: (1) an inappropriate distance between the vehicles, and (2) the distraction of the newspaper. The judge said it was reasonable to anticipate that a greater distance is required when a vehicle is towing something because of the danger of the trailer jack-knifing or rolling back. Taylor was awarded $3,750 in general damages for an injury of five weeks duration, $2,487 in medical expenses and $2,200.31 in lost wages. Gray was awarded $3,500 in general damages for an injury of four weeks duration, $2,281 in medical expenses and $1,391.04 in lost wages.
The defendants appeal.

LAW
To prevail on a negligence claim, the plaintiff must satisfy the five elements of the duty/risk analysis by proving that (1) the defendant had a duty to conform his conduct to a specific standard, (2) the defendant breached the duty by failing to conform his conduct to the appropriate standard, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) the defendant's conduct was the legal cause of the plaintiff's injuries, and (5) the existence of actual damages. Davis v. Smith, 35,117 (La.App.2d Cir.10/2/01), 796 So.2d 765, writ denied, 2001-2887 (La.1/25/02), 807 So.2d 250; Renard v. McCloud, 35,633 (La.App.2d Cir.5/8/02), 818 So.2d 279.
The existence or a lack of a duty is a question of law. Laborde v. Scottsdale Insurance Company, 96-1659 (La.App. 3d Cir.10/22/97), 704 So.2d 247, writ denied, XXXX-XXXX (La.4/3/98), 717 So.2d 1131, reconsideration denied, XXXX-XXXX (La.5/15/98), 719 So.2d 66; Yocum v. City of Minden, 26,424 (La.App.2d Cir.1/25/95), 649 So.2d 129. Simply put, the inquiry is whether the plaintiff has any lawstatutory, jurisprudential, or arising from general principles of faultto support his claim. Paul v. Louisiana State Employees' Group Benefit Program, XXXX-XXXX (La. App. 1st Cir.5/12/00), 762 So.2d 136.
La. R.S. 32:81 states, in relevant part:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
A following vehicle in a rear-end collision is presumed to be negligent, absent any proof to the contrary. Oppenheim v. Murray Henderson Undertaking Company, Inc., 414 So.2d 868 (La.App. 4th Cir.1982).
In order to avoid liability, a following motorist who rear-ends another vehicle must prove a lack of fault; he may do so by establishing that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances. Chambers v. Graybiel, 25,840 (La.App.2d Cir.6/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard which he could not reasonably avoid. Boggs v. Voss, 31,965 (La.App.2d Cir.6/16/99), 741 So.2d 139; McCullin v. U.S. Agencies Casualty Insurance Company, 34,661 (La.App.2d Cir.5/9/01), 786 So.2d 269.

*1207 DISCUSSION
From a review of the trial court's reasons for judgment, it is apparent that the court accepted Voigtlander's account that the city truck and its trailer rolled back into him when he was stopped behind them. On this record, such a factual determination would not be manifestly erroneous.
Consequently, the question becomes whetherunder these factsVoigtlander owed a duty to the plaintiffs to anticipate that their vehicle would suddenly roll back into his stopped auto. We find that he did not.
The presumption of negligence on the part of a driver whose vehicle rear-ends another does not apply here. La. R.S. 32:81, the statute giving rise to that presumption, involves driving in trafficas demonstrated by the reference to gauging one's speed as one follows another caras opposed to merely stopping behind a stationary vehicle at a stop light.
Here the contact between the vehicles was caused by the lead vehicle rolling backwards. This was due to (1) the driver of that vehicle taking some unknown action which somehow caused the truck and trailer to roll back, (2) weight shifting on the trailer, or (3) simple gravity, given the fact that the vehicle was stopped on a slight incline. The force of the contact was extremely slight as amply demonstrated by the negligible damage to Voigtlander's Explorer and the lack of damage to the city's trailer.
Voigtlander had no duty to stop his vehicle a further distance from this trailer than he would any other vehicle. Nor did he have a duty to anticipate that a vehicle pulling a trailer might roll back. As Voigtlander had no duty that was breached in this situation, he cannot be found liable.
Accordingly, the trial court's finding of fault against the defendants is reversed.

CONCLUSION
The judgment of the city court in favor of the plaintiffs, Bobby L. Taylor and Billy R. Gray, and against the defendants, Russell Voigtlander and Shelter Mutual Insurance Company, is reversed. Costs of this appeal are assessed against the plaintiffs.
REVERSED.
NOTES
[1] It is noteworthy that both plaintiffs were impeached with their prior criminal records; each had denied having any criminal record in deposition testimony.