| Judge MICHAEL E. KIRBY.
This ease involves an automobile accident in which an elementary student was struck and seriously injured at an intersection a few blocks away from a public school. Plaintiffs/appellants, Shemethia Lane, et al, appeal the granting of a motion for summary judgment which dismissed the City of New Orleans as the employer of the school crossing guards from this case. The trial court found that the duty of a crossing guard does not extend to verifying whether a child is authorized to leave school or to the disciplining of students. We affirm.

STATEMENT OF THE FACTS

Eight-year old, Jeremiah Lane (hereinafter “Jeremiah”), a second grade student at McDonough 38/Myrtle Banks Elementary School was struck by a pick-up truck while crossing an intersection in the early morning of October 21, 1999. Jeremiah sustained severe injuries from the accident.
The ascertainable facts of the events surrounding this accident from the record as it stands now are sparse. The record contains only excerpts of some of Ifthe deposition testimony. However, on appeal counsel for the plaintiff has attached the complete deposition testimony as well as additional depositions to his brief. We cannot utilize those items because they do not form part of the record considered by the court below. Since there is sufficient evidence in the trial court record to determine the duty that the crossing guards owed the student, we proceed.
The intersection where Jeremiah was struck was not designated for staffing with crossing guards, who are trained by the New Orleans Police Department. The crossing guards had seen Jeremiah earlier that morning when he first arrived at school by himself and had seen him safely leave school, shortly after arrival.
What we glean from the record is that after arriving sometime after or around 7:30 a.m., Jeremiah left school to retrieve his school identification badge, which purportedly was required for a breakfast program served in the cafeteria. Even though the crossing guards were on duty for 7:30 a.m., the students allegedly did not line up for classes until around 7:45 a.m. It appears from the record before us that there was no teacher on duty when Jeremiah sought to leave school.

STATEMENT OF THE LAW

The issue before us is whether or not it was proper for the trial court to dismiss one of the defendants in this case, i.e. the City of New Orleans. Stated in another manner, what is the scope of duty a school crossing guard owes to children.[1]
[sLa. C.C.P. art. 966 A(2), et seq., states that:
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
* * *
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial *8 on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[[Image here]]
The duty/risk analysis is the standard negligence analysis employed to determine whether to impose liability under Civil Code article 2315, the general tort law in Louisiana. LSA-C.C. art. 2315. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318.
Using a duty-risk analysis to determine whether the City of New Orleans Crossing Guards are liable for negligence under the facts of this case, the plaintiff must prove (1) the conduct in question was a cause-in-fact of the resulting harm, (2) defendant owed a duty of care to the plaintiff, (3) this duty was breached by the defendant, and (4) the risk of harm was within the scope of protection afforded by [4the duty breached. Peterson v. Gibraltar Sav. Loan, 98-1601 (La.5/18/99), 733 So.2d 1198. Whether a duty is owed is a question of law. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606. The existence of a duty is a legal determination to be made by the trial. Taylor v. Voigtlander, 36,670 (La.App. 2 Cir. 12/11/02), 833 So.2d 1204. A finding that there is no duty owed by a judge defendant to a plaintiff or that plaintiff will be unable to prove any essential element of his claim is an appropriate basis upon which to grant a summary judgment in favor of the defendant. La. C.C.P. art. 966 C(2), supra.
The mover has the burden of establishing that no material factual issue exists and inferences drawn from the underlying facts contained in the materials before the trial court must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991). Yet, factual discrepancies are not material when they have no bearing on a defendant’s duty. Robinson v. Yousuf, 95-1476 (La.App. 4 Cir. 1/19/96), 668 So.2d 436.
The trial court viewed the facts in the light most favorable to the plaintiff, and found that the facts in the record do not support a legal duty upon crossing guards to stop and prevent school children from leaving school grounds.
As the trial court found and the school crossing guard program states: child safety is the top priority. The crossing guards are to ensure safe crossings by pedestrian students from curb to curb during the hours that they are assigned to a specific intersection. This requires them not to leave their post, for if they do, they would be exposing other children to harm. Crossing guards are not hired to ¡¡¡supervise children whose parents or guardians leave them at school prior to its opening.
The plaintiffs cite Barnes v. Bott, 571 So.2d 183 (La.App. 4 Cir.1990) for the proposition that the Orleans Parish School Board and the City share a duty to prevent children from leaving the school grounds unsupervised. We distinguish that case on its facts. In Barnes the crossing guard was absent due to illness on the afternoon the, fatal accident occurred. The crossing guard had informed *9 no one of her absence that afternoon and no replacement was assigned. In that case there was testimony from the administrator of the Special Operations Division of the New Orleans Police Department that a school representative was also obligated to inform the City’s police department, who oversaw crossing guards, when a crossing guard was absent. Since no school representative informed the police department of the absence, we found the school board to be liable. Ultimately, parents entrust their children to the school and its representatives, not crossing guards.
Plaintiffs also cite Sutton v. Duplessis, 584 So.2d 362 (La.App. 4 Cir.1991), for the proposition that school officials have a duty to provide reasonable supervision commensurate with the age of the children. The Sutton case is yet another case distinguishable on the facts. In Sutton, the school had closed early and his mother failed to pick the pupil up. We found the school board liable for failing to provide reasonable supervision. The fact that the School Board, its principals, administrators and faculty have authority over children in their care, and a commensurate duty to supervise them, does not mean crossing guards have the same authority and duty.
|fiThe plaintiffs argue that the crossing guards should have authority to prevent or stop students from leaving school property. We disagree. The crossing guards have a responsibility to see that children safely traverse the intersection in their care; however, the school and its employees alone have authority, i.e. the power, to discipline and compel children to act in a designated manner. This stems from their training. The School Board and its employees receive years of training as professionals in order to perform their jobs with judgment and authority, whereas crossing guards’ training and duty does not esctend beyond that of safely crossing children through their assigned intersection.
The plaintiff also argues that there is a genuine issue of material fact as to whether the principal, Mr. Nailor, told Jeremiah to go home. Regardless of whether the principal, an employee of the school board, told or did not tell the plaintiff to go home, such action would not alter the duty of the crossing guards under these facts.
In sum, with the large numbers of children that a crossing guard must assist, to impose greater duty upon them than commensurate with their training would jeopardize the fulfillment of their main function: to safely cross students at their assigned intersections.
For the aforementioned reasons, we affirm.
AFFIRMED.

. The extent of the school's duty of care to the plaintiff is not before us. This distinction is necessary because the crossing guards are provided by the City of New Orleans, whereas the Orleans Parish School Board is responsible for any liability on behalf of the school.