SEXTON, J.
_J_jThis appeal arises from a car accident between Defendant, Patricia D. Belote, and Plaintiff, Janette L. Brooks. Mrs. Brooks, along with her husband, Weldon Ward Brooks, Sr., filed suit against Ms. Belote and her insurer, Farm Bureau Insurance Companies, and against State Farm Insurance as provider of Mrs. Brooks’ uninsured motorist insurance. In turn, Ms. Belote filed suit against Mrs. Brooks and State Farm. The trial court found Mrs. Brooks 100 percent at fault and dismissed Plaintiffs’ claims. Plaintiffs appeal. For the reasons set forth below, we affirm the judgment of the trial court.
FACTS
The accident occurred on April 27, 2003, on Louisiana Highway 3, also known as Benton Road, near a Brookshire’s grocery store. The highway is a four-lane divided highway running north-south. Mrs. Brooks submits that she turned right out of the Brookshire’s parking lot into the right lane of the northbound side of the highway. She maintains that she safely moved into the left lane with the intent of making a U-turn at a break in the grassy median. She was stopped in the break in the median to check southbound traffic when Ms. Belote struck her car. She agrees that the rear of her car was still in the left northbound lane at the time of the accident. The damage to Mrs. Brooks’ car was to the left rear corner, while the damage to Ms. Belote’s car was across the front right of her car.
In contrast, Ms. Belote contends that she was traveling northbound in the left lane on Highway 3 when she saw Mrs. Brooks turn into the right lane. Her passenger, Larry Childs, called her attention to Mrs. Brooks’ car [2as it was about to pull out of the parking lot. Ms. Belote slowed down, but returned to her previous speed when Mrs. Brooks turned into the right lane and appeared to be traveling in that lane. According to Ms. Belote, Mrs. Brooks then suddenly turned in front of her from the right hand lane and stopped. Ms. Belote insists that she was unable to avoid the collision despite applying her brakes.
After a bifurcated trial solely on the issue of fault, the trial court found Mrs. Brooks to be 100 percent at fault. In its oral reasons for judgment, the trial court reasoned that, in the short distance between the exit from the Brookshire’s parking lot and the break in the median where Mrs. Brooks was attempting to make a U-turn, she could not have changed lanes without doing so abruptly. Plaintiffs appeal this judgment.
DISCUSSION
Our review of the factual findings in this case are governed by the manifest error/clearly wrong standard of review. An appellate court may not set aside a trial court’s finding of fact unless it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). *848 An allocation of fault is a factual determination subject to the manifest error rule. Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305; Cook v. Kendrick, 41,061 (LaApp. 2d Cir.5/19/06), 931 So.2d 420, writ denied, 06-1853 (La.10/27/06), 939 So.2d 1284.
Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations | ..¡and inferences are as reasonable. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly wrong. Rosell, supra; Watson v. State Farm Fire & Cas. Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra. Where the fact finder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra.
We conclude that the trial court’s allocation of 100 percent fault to Mrs. Brooks was not manifestly erroneous. While the testimony presented conflicted as to whether Mrs. Brooks safely moved into the left lane and then attempted her U-turn or abruptly turned in front of Ms. Belote, it was not an abuse of discretion for the trial court to accept Ms. Belote’s version of the accident over that of Mrs. Brooks. Furthermore, the trial court was uniquely aided by an in-person visit to the accident site during the course of the proceedings. From our review of the record, the trial court was not manifestly erroneous or clearly wrong is its allocation of fault.
Mrs. Brooks further relies on the presumption that, in a rear-end collision, the following driver is presumed to be negligent. Louisiana jurisprudence recognizes a well-established presumption that, in a rear-end collision, the following driver breached the standard of care set out in La. |4R.S. 32:81 and is, thus, presumed negligent. Mart v. Hill, 505 So.2d 1120 (La.1987). La. R.S. 32:81 states, in relevant part, that:
[T]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
In a rear-end collision, therefore, the following motorist is presumed negligent unless he proves lack of fault. Taylor v. Voigtlander, 36,670 (La.App. 2d Cir.12/11/02), 833 So.2d 1204. When this presumption applies, to escape liability, the following motorist has the burden of proving that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance or that the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. Id.
This presumption does not apply, however, when a driver changes lanes without first determining that the move can be completed safely and then is struck from the rear by a following car. Daigle v. Mumphrey, 96-1891 (La.App. 4th Cir.3/12/97), 691 So.2d 260; Anthony v. State Farm Mutual Ins. Co., 227 So.2d 180 (La.App. 2d Cir.1969). As this court has stated:
A motorist whose vehicle is struck from the rear by reason of his inopportune change of lanes may not thereby convert the occurrence into a rear-end collision so as to impose the burden upon the *849 other motorist to exculpate himself from negligence.
Anthony, supra. The trial court found that Mrs. Brooks must have abruptly moved to the left, failing to first confirm that she could do so safely. This | ¡finding is not manifestly erroneous and, therefore, we conclude that the trial court was correct in not applying this presumption.
CONCLUSION
For the foregoing reasons, the judgment of the trial court finding that Plaintiff, Janette L. Brooks, was 100 percent at fault in the accident is affirmed. Costs are assessed to Plaintiffs.
AFFIRMED.