973 So.2d 134 (2007)
Joe Ann HOLLAND, Plaintiff-Appellee
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants-Appellants.
No. 42,753-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*135 Hayes, Harkey, Smith & Cascio by John C. Roa, Monroe, for Appellants.
Anthony Bruscato, Monroe, for Appellee.
Before PEATROSS, MOORE and LOLLEY, JJ.
LOLLEY, J.
State Farm Mutual Automobile Insurance Company ("State Farm") and Robert J. Allan ("Allan") appeal a judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, in favor of Joe Ann Holland. For the following reasons, we affirm.

FACTS
On May 16, 2005, Holland was driving her vehicle on Highway 15 in Ouachita Parish, Louisiana. Immediately prior to the collision at issue, Holland was following her friend, Shanika Caldwell, on Highway 15 in route to take Holland's vehicle to *136 a repair shop on Miller Road, which runs off of Highway 15. Neither woman knew the exact location of Miller Road, and Caldwell actually passed it up; however, immediately upon passing it, she turned on her turn indicator, alerting Holland to turn right on Miller Road. Caldwell, having passed up Miller Road, pulled off on the shoulder of Highway 15 and observed Holland make the right turn onto Miller Road. Immediately after turning right onto Miller Road, Holland's vehicle was struck in the rear by Allan, who was following behind her and who was also attempting a right turn onto Miller Road from Highway 15. Following the accident, Holland was transported to the hospital by ambulance. She was diagnosed with muscle strain of the left shoulder, neck, and chest and was treated for her injuries.
Holland filed this lawsuit against Allan and his insurer, State Farm. After a trial of the matter, the trial court rendered judgment in favor of Holland and it awarded her the following: general damages in the amount of $15,000.00; medical special damages in the amount of $2,821.89; property damage of $2,918.45; and, $1,250.00 for the loss of use of her vehicle. State Farm and Allan appeal the judgment.

DISCUSSION
The appellants raise three assignments of error on appeal, the first two of which are related. In their first assignment of error, appellants argue that the trial court committed manifest error in rendering a judgment that was contrary to the law and evidence presented. Their second assignment of error is related to the same issue, with the appellants urging that the trial court committed manifest error by not finding all, or at least some comparative fault, on the part of Holland. Specifically, they argue that Holland's actions created a sudden emergency that was unavoidable to Allan, thus, some fault should have been assessed to her. We disagree.
A trial court's findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Barnes v. Reed, 32,380 (La.App.2d Cir.10/29/99), 743 So.2d 936. Under the manifest error standard, the linchpin is whether the trial court's findings are reasonable; even if the appellate court feels its own evaluation of the evidence is more reasonable, the trial court's findings cannot be reversed if they are in fact reasonable. Lewis v. State through Dept. of Transp. and Development, 1994-2370 (La.04/21/95), 654 So.2d 311. In other words, the appellate court may not reverse simply because it is convinced that had it been sitting as the trier of fact it would have ruled differently. Lewis, supra. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell, supra. Moreover, where the fact finder's conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, supra; Wilhite v. Thompson, 42,395 (La.App.2d Cir.08/15/07), 962 So.2d 493.
Additionally, the manifest error rule also regulates a trial court's finding regarding the allocation of fault. Clement v. Frey, XXXX-XXXX (La.01/16/96), 666 So.2d 607. The trier of fact is owed great deference in its allocation of fault and may not be reversed unless clearly wrong or manifestly *137 erroneous. Buchignani v. Lafayette Ins. Co., 41,384 (La.App.2d Cir.08/23/06), 938 So.2d 1198.
The duty of a following motorist is governed by La. R.S. 32:81(A), which provides:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
The following motorist in a rear-end collision is presumed to be at fault. Taylor v. Voigtlander, 36,670 (La.App.2d Cir.12/11/02), 833 So.2d 1204; Wheelis v. CGU Ins., 35,230 (La.App.2d Cir.12/07/01), 803 So.2d 365. To rebut the presumption and avoid liability, the following motorist must prove that he had his vehicle under control, he closely observed the lead vehicle, and he followed it at a safe distance under the circumstances. Id. Alternatively, the following motorist must show that the lead driver negligently created a hazard which could not reasonably be avoided. Id. This alternative exception to the presumption is known as the sudden emergency doctrine. Under the sudden emergency doctrine, a person who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence. Linnear v. Mutual Service Cas. Ins. Co., 35,152 (La.App.2d Cir.10/31/01), 799 So.2d 634; Jackson v. Scott Truck and Tractor, Inc., 31,933 (La. App.2d Cir.05/05/99), 736 So.2d 987.
In the case sub judice, the trial court found Allan to be completely at fault in the rear-end collision with Holland. As stated, State Farm and Allan maintain that the ruling was contrary to the law and evidence, and that Holland should have been assessed some portion of fault for the collision. Here, the trial court was faced with a "he says, she says" scenario. Allan claims that Holland negligently created a hazard which he could not avoid when she swerved to the left as she completed her turn onto Miller Road. As a result of her alleged actions, appellants state that Holland should share in the fault. However, Holland disputes his assertion regarding her actions in making her right turn. Instead, she asserts that Allan was simply driving too fast and following too closely and thus, rear-ended her vehicle. Caldwell corroborates Holland's version of the events. There were no other witnesses to the collision. Notably, the testimony of the investigating officer or the accident reconstructionist experts did little, if anything, to give more or less credibility to either side. Moreover, the trial court also had the admission by Allan that he bore some fault for the accident. Considering the record before us, the trial court was clearly within its province in assessing the credibility of the witnesses in this case and reaching the conclusion that Allan, as the driver of the vehicle following Holland's, was completely at fault in this rear-end collision. It was not unreasonable for the trial court to conclude that the only reason for the collision was that Allan was traveling too closely to Holland's vehicle. The trial court's judgment on this issue was not manifestly erroneous.
In its third assignment of error, State Farm and Allan maintain that the trial court's general damage award of $15,000.00 was excessive. In assessing general damages in tort cases, much discretion is left to the judge or jury. Before an appellate court may disturb such an award, the record must clearly reveal that the trial court abused its broad discretion *138 in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration. Brown v. Brookshire's Grocery Co., 38,216 (La. App.2d Cir.03/12/04), 868 So.2d 297. Only after an articulated analysis of the facts discloses an abuse of discretion, is it appropriate for a reviewing court to resort to prior awards in similar cases. O'Brien v. Remington Arms Co., Inc., 601 So.2d 330 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1003 (La.1992). If the award is abusively high, it is reduced to the highest amount the trier of fact could have awarded. Jones v. Super One Foods/Brookshires Grocery Co., 33,683 (La.App.2d Cir.08/23/00), 774 So.2d 200. For an award to be considered excessive and an abuse of discretion, it must be so high in proportion to the seriousness of the injury that it shocks the conscience. Id.
In the present case, the trial court made no findings in connection with its general damage award made to Holland. However, after reviewing the record in its entirety as well as the applicable jurisprudence, we cannot say that the general damages award in this case is abusively high. At trial, Holland testified that she experienced neck and back pain and migraine headaches after the collision. She stated that the pain did decrease gradually three to four months after the accident; however, she further explained that at the date of trial, fifteen months after the collision, she had not reached her pre-collision condition and was continuing to experience some level of pain. Other than presenting examples of lower general damage awards in cases where generically similar facts existed, the appellants have not urged any argument on appeal to persuade us that such a comparison of prior awards should be undertaken and a decrease in the general damages award should be made in the particular case. Therefore, we conclude that the trial court's general damage award, although somewhat high, was not an abuse of discretion.

CONCLUSION
For the foregoing reasons, the trial court's judgment in favor of Joe Aim Holland is affirmed. All costs of this appeal are assessed to State Farm Mutual Automobile Insurance Company and Robert J. Allan.
AFFIRMED.