MOORE, J.
11 Amanda Moreland appeals a judgment that dismissed her auto accident claim on a finding that the other driver, Dr. Abdullah Gungor, was not at fault. Finding no manifest error, we affirm.
On the late afternoon of November 3, 2012, both Dr. Gungor and Ms. Moreland exited 1-20 at Benton Road in Bossier City and were driving north toward Benton Spur. Dr. Gungor was ahead in his red 2011 BMW 328i, Ms. Moreland behind in her blue 2009 Chevy Cobalt. Just before the light at Benton Spur, however, the cars collided. The BMW sustained damage on the driver’s side rear quarter panel, and ended up in the left traffic lane. The Cobalt sustained damage on the passenger side front quarter panel, and ended up in the left-turn lane. Fortunately the impact was not severe, but there were divergent accounts of how it happened.
Officer James Stewart, of the Bossier City Police Department, interviewed the parties and wrote the accident report. This stated that Ms. Moreland said the BMW “suddenly came into her lane and they crashed” and that Dr. Gungor said he “swerved into the left lane” to avoid hitting another vehicle that had stopped suddenly in front of him. Despite the obvious fact that the damage was to the rear of the BMW, Officer Stewart wrote, “He [Dr. Gungor] crashed into the Vehicle Two [Ms. Moreland].”
Apparently on the strength of the accident report, Ms. Moreland filed this suit in the 26th JDC in March 2013. She admitted that her damages did not exceed the *827 $50,000 threshold for a jury trial, and at trial in April 2014, she stipulated that her special damages were $4,053.92.
|?Sergeant James Johnson, also of the BCPD, responded to the accident. He testified that Ms. Moreland told him she was driving in the left lane, the BMW changed lanes in front of her, and she hit it; Dr. Gungor told him he changed lanes and was struck by the Cobalt. Sgt. Johnson felt these accounts were consistent, but admitted that the property damage to the vehicles was more consistent with the BMW being stationary at the light and the Cobalt rear-ending it.
Officer Stewart, author of the accident report, also testified at trial, but remembered the incident chiefly from his report. He added that Dr. Gungor said he had changed lanes some 100 yards before the intersection, and he felt that Ms. Moreland probably “wasn’t paying attention.” A dash cam in Officer Stewart’s unit recorded visuals of the investigation but missed much of the audio.
Ms. Moreland testified that she was on her way to Landers Dodge, driving in the left lane, and the BMW was in the right lane; after they went through the light at the bottom of the ramp, the BMW suddenly “jumped” into her lane and she hit it. She said she tried to shift into the left-turn lane, but another car was already there. She was certain that both her car and Dr. Gungor’s were moving when they collided. She also admitted she was driving about 4(M5 mph in a 35 mph zone, and was intending to run the yellow light when the BMW pulled in front of her.
Ms. Mpreland hired an accident reconstruction expert, La. State Trooper Alan VerHoef, of Natchitoches. He relied primarily on the accident report, dash cam video and photos of the damage to form his opinion. He ^concluded that the BMW was cutting across the Cobalt’s path, and was pointed at an angle (about 10:30 on the clock) when the front right of the Cobalt struck its left rear. He felt that both cars were in motion at the moment of impact, the Cobalt going less than 45 mph. He admitted that he accepted the accident •report and disregarded the parties’ depositions. He disagreed with defense counsel that a dent below the BMW’s left tail light (Exhibit J-5, photo # 42) was from impact with the Cobalt; he opined that it was just a bluish smudge. He admitted that other hypotheses could explain the damage to the vehicles, but felt that only his could explain where they came to rest after the accident.
Dr. Gungor, a pediatric ENT at LSU Medical Center, testified that he had driven through the first light and was in the right lane; the light at Benton Spur had just turned yellow, and a car was stopped there in the right lane, so he shifted to the left lane some 100 yards before the intersection. By the time he got to the light, it was red; he stopped and had been waiting 4-5 seconds when suddenly he felt a “jolt” that shoved his car a few feet forward. He denied telling any officer that he “swerved” into the left lane, and insisted he showed the officers where he had changed lanes, some 100 yards back. He explained that English is not his first language and “swerve” is not a word he normally uses.
Dr. Gungor also called an eyewitness, Candace Guin, who said she was in the right lane of Benton Road when the accident happened. The Cobalt had been tailgating her; the BMW was stopped at the light when the Cobalt “zoomed” past her on the left, some 4-5 car lengths from the light, |4and slammed on its brakes too late to avoid crashing into the BMW. Ms. Guin never saw the BMW make any sudden move into the left lane, and testified *828 that even though she was at the scene, officers did not talk to her.
The district court ruled from the bench that Photo #42 showed “some type of impact” to the BMW’s rear bumper, and that Ms. Moreland admitted exceeding the speed limit. The court then found the' accident report “totally inconsistent” with the trial testimony, rejecting the report’s conclusion that Dr. Gungor struck Ms. Moreland. Instead, it accepted every witness’s testimony that she struck him. The court also discounted the expert’s theory of how the accident happened, as it was based purely on the accident report, which was “faulty material.” The court observed that if it were just a matter of Ms. More-land’s account versus Dr. Gungor’s, the case would be “very close,” but the eyewitness, Ms. Guin, mostly supported Dr. Gun-gor’s version. The court concluded that Ms. Moreland tried to avoid the collision by slamming on her brakes, but it was too late: she skidded to the left and ran into the BMW. The court found Ms. Moreland at fault and rendered judgment dismissing her claim.
Ms. Moreland has appealed, raising six assignments of error, each contesting some aspect of the court’s factual findings. She concedes, however, that manifest error applies, Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980).
Specifically, Ms. Moreland contends the court was clearly wrong in (1) finding that Sgt. Johnson and Officer Stewart admitted the accident report was inconsistent with their statements, as both officers felt the report Uwas accurate; (2) finding the accident report “totally inconsistent” with the trial testimony, when in fact “much of the trial testimony” supported the report; (3) disregarding the expert’s opinion, when in fact his methods were sound and modern, invoked Newton’s four laws of motion, and there was no reason to reject his conclusion; (4) substituting its own opinion of Photo #42 for that of the expert, who plausibly explained that the mark on the BMW’s bumper was a “reflection or some photographic irregularity,” and not an impact point; (5) accepting Ms. Guin’s testimony, which in Ms. Moreland’s view was refuted by other testimony and objective evidence; and (6) ruling in favor of Dr. Gungor. She submits that the judgment should be reversed and judgment rendered in her favor for the stipulated special damages of $4,053.92, general damages of $7,500 to $9,200, and costs, including Trooper VerHoefs expert fee of $1,600.
Dr. Gungor agrees the standard is manifest error, Nolan v. Mabray, 2010-0373 (La.11/30/10), 51 So.3d 665, but submits that given the widely divergent testimony, the credibility determinations and the trial court’s wide discretion, 'there is no manifest error.
The standard of review is, of course, manifest error. Under this standard, the trial court’s factual findings will not be disturbed unless they are plainly wrong or manifestly erroneous. La. Const. Art. V, § 10; Wooley v. Lucksinger, 2009-0571 (La.4/1/11), 61 So.3d 507. A determination of fact is entitled to great deference on review. Id.; McGlothlin v. Christus St. Patrick Hosp., 2010-2775 (La.7/1/11), 65 So.3d 1218. When there are two permissible views of the evidence, the factfinder’s choice between them [ r,cannot be manifest erroneous or plainly wrong. Khammash v. Clark, 2013-1564 (La.5/7/14), 145 So.3d 246; Rosell v. ESCO, 549 So.2d 840 (La.1989). The issue is not whether the trial court’s findings are right or wrong, but whether they are reasonable on the record as a whole. Broussard v. State, 2012-1238 (La.4/5/13), 113 So.3d 175; Rosell v. ESCO, supra. Only where documents or objective evidence so contradict a witness’s story, or the story itself is so *829 internally inconsistent or implausible on its face, that a reasonable factfinder would not credit it, may the court of appeal find manifest error in a finding purportedly based on a credibility determination. Khammash v. Clark, supra; Wooley v. Lucksinger, supra.
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. La. R.S. 32:81 A. The following motorist in a rear-end collision is presumed to have breached the standard of R.S. 82:81 and is thus presumed negligent. Mart v. Hill, 505 So.2d 1120 (La.1987); Broussard v. Zurich American Ins. Co., 44,695 (La.App. 2 Cir. 9/23/09), 23 So.3d 370.
Applying the manifest error standard, we find no basis to disturb the district court’s findings. The testimony of the parties and of the eyewitness, the reported damage to the rear of Dr. Gungor’s car, and Photo # 42 all support the finding that Ms. Moreland struck Dr. Gungor from behind. Dr. Gungor and the eyewitness testified that he was stationary at the time of impact; Ms. Moreland testified he was moving, but admitted she was speeding and going much faster than he was. On this evidence, the court |7was completely justified in finding that Ms. Moreland was following too close, speeding, paying inadequate attention to traffic conditions, and fully at fault for this rear-end collision.
The only contrary evidence, really, is the accident report, which incomprehensibly stated that Dr. Gungor crashed into Ms. Moreland, contrary to the physical evidence and every witness’s testimony. The district court was fully warranted in labeling the report “faulty material.” The accident reconstruction expert candidly admitted that he based his theory entirely on the accident report, disregarding the witnesses’ depositions; his theory is, for that reason alone, tainted by the glaring mistakes of the accident report. Moreover, Trooper VerHoef conceded that his theory could not account for the reported damage, only for where the vehicles came to rest. A rational factfinder could easily conclude that Ms. Moreland was moving to her left at high speed, grazed the rear driver’s side of the BMW and then skidded into the left-turn lane. We perceive no abuse of the district court’s discretion in accepting the live testimony over the accident report and expert opinion, and no manifest error in the finding that Ms. Moreland was solely at fault in this accident..
The assignments of error lack merit.
The judgment is therefore affirmed. Ms. Moreland is to pay all costs.
AFFIRMED.