STATE OF LOUISIANA * NO. 2019-KA-0709

VERSUS * COURT OF APPEAL

JULIO RUANO * FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*

* * * * * * *

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's decision to reverse the district court's judgment denying Mr. Ruano's request for compensation for wrongful conviction and imprisonment. For the following reasons, I would affirm the district court's judgment.

The district court's determination of whether the petitioner is entitled to compensation is two pronged. First, the petitioner must show that his conviction has been reversed or vacated. Second, the petitioner must prove by *clear and convincing evidence*, either scientific or not, that he is factually innocent, i.e., he did not commit the crime for which he was convicted or commit any crime based upon the same set of facts used in his original conviction. La. R.S. 15:572.8 (emphasis added). As explained by the Second Circuit in *Burrell v. State*, 50,157, pp. 10-11 (La. App. 2 Cir. 1/13/16), 184 So.3d 246, 253, "[t]he intermediate standard of 'clear and convincing' means more than a 'preponderance' but less than 'beyond a reasonable doubt.'" (citing *Mulkey v. Mulkey*, 12-2709 (La. 5/7/13), 118 So.3d 357, 369). Therefore, to prove entitlement to compensation, the petitioner must prove it is highly probable that he is factually innocent of the crimes for which he was convicted.

1

When a petitioner seeks review of the district court's denial of his request for compensation, the appellate court reviews the district court's ruling under the manifest error standard. In reviewing the denial of the petitioner's request for wrongful conviction compensation, in *State v. Ford*, 50,525, pp. 5-6 (La. App. 2 Cir. 5/18/16), 193 So.3d 1242, 1247, the Second Circuit stated the parameters of this standard of review, as follows:

> Under this standard, the trial court's factual findings will not be disturbed unless they are plainly wrong or manifestly erroneous. La. Const. Art. V, § 10; *Moreland v. Gungor*, 49,671 (La. App. 2 Cir. 4/15/15), 163 So.3d 825; *Wooley v. Lucksinger*, 09-0571 (La. 4/1/11), 61 So.3d 507. A determination of fact is entitled to great deference on review. *Id.*; *McGlothlin v. Christus St. Patrick Hosp.*, 10-2775 (La. 7/1/11), 65 So.3d 1218. When there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or plainly wrong. *Khammash v. Clark*, 13-1564 (La. 5/7/14), 145 So.3d 246; *Rosell v. ESCO*, 549 So.2d 840 (La. 1989). The issue is not whether the trial court's findings are right or wrong, but whether they are reasonable on the record as a whole. *Broussard v. State*, 12-1238 (La. 4/5/13), 113 So.3d 175; *Rosell v. ESCO*, *supra*.

In this case, the district court held a hearing on the petitioner's request for wrongful conviction compensation, during which the district court heard testimony from several witnesses, including the petitioner and Dr. Barsley, an expert in forensic dentistry, in support of the petition; and three eyewitnesses, including the victim, in opposition to the petition. After the hearing, the district court took the matter under advisement and, on March 29, 2018, issued its ruling and written opinion denying the petition. The district court's written reasons provide a thorough review of the testimony and expert bite-mark analysis introduced at the hearing. In its conclusion, the district court explains that it found the testimony of the three eyewitnesses, who still identify Mr. Ruano as the suspect who battered Mr. Salinas, credible and persuasive. In addition, the district court found the eyewitness testimony outweighed the bite-mark evidence, which the district court was "not persuaded to accept … without DNA evidence to exclude Mr. Ruano as the suspect." In conclusion, the district court found that the petitioner had failed to

2

prove by clear and convincing scientific or other evidence that he is factually innocent of the crime for which he was convicted.

Upon my review of the record of this case, in consideration of the district court's reasons for ruling, and in light of our appellate standard of review, I find it reasonable for the district court to conclude that Mr. Ruano had not met the necessary burden of proof to entitle him to compensation. Thus, I find no manifest error in the judgment of the district court.